[No. 3439.    Decided July 11, 1900.]

THE STATE OF WASHINGTON, *on the Relation of Myer Lewis, Appellant,* v. J. B. HOGG, *Treasurer, Respondent.*

PROHIBITION, WRIT OF—AGAINST COUNTY TREASURER—JUDICIAL FUNCTIONS—CORRECTION OF TAX ASSESSMENTS.

Where a county treasurer attempts to correct the return of the assessor by charging the owner of property with the proper amount of taxes assessable against it, upon notice to the owner and a hearing thereon, under the authority conferred by Bal. Code, § 1741, the county treasurer exercises judicial functions, and, where he acts without or in excess of his jurisdiction, prohibition will lie against him.

SAME—WHEN LIES—OTHER ADEQUATE REMEDY.

Where a tribunal has jurisdiction of the subject-matter in controversy, prohibition will not lie against it to prevent injury merely because the complaint and summons are insufficient, where there is an adequate remedy provided by appeal or writ of review.

SAME.

The fact that there is no appeal provided from the judgment of the county treasurer in exercising the power conferred on him by Bal. Code, § 1741, to correct the assessor's return, will not warrant the issuance of a writ of prohibition against the treasurer, when any error in the judgment rendered by him is correctable by writ of review.

Appeal from Superior Court, Jefferson County.—Hon. JAMES G. McCLINTON, Judge.    Affirmed.

*Morris B. Sachs,* for appellant.

*W. W. Felger,* Prosecuting Attorney, for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The statute relating to the assessment and collection of taxes contains the following provision:

"If the county treasurer has reason to believe, or is informed, that any person has given to the assessor a false statement of his personal property, or that the assessor has not returned the full amount of property required to be listed in his county, or has omitted or made erroneous return of any property which is by law subject to taxation, or if it shall come to his knowledge that there is property which has not been listed for taxation for the current year, he shall proceed, at any time before the final settlement with the county auditor, to correct the return of the assessor and to charge the owner of said property on the tax list with the proper amount of taxes, at the valuation of the year or years omitted as near as the same can be ascertained.    To enable him to do this he is hereby authorized and empowered to issue compulsory process and to require the attendance of any person whom he may suppose to have a knowledge of the articles, or value of the property; and to examine such person on oath in relation to such statement or return; and the treasurer shall in all such cases notify every such person, before making the entry upon the tax list, that such person may have an opportunity of showing that his statement, or the return of the assessor, is correct; the county treasurer shall in all cases file in his office the statement of facts or evidence upon which he made such corrections, and when so made the assessment and the levy shall have the same force as if made in the first instance."    Bal. Code, § 1741.

The relator in the court below, the appellant here, is the owner of certain real property situated in the county of

Jefferson, which was returned by the assessor on the assessment rolls of 1897 as being of the value of $1,600. After the assessment rolls had been turned over to the county treasurer, the assessor, by a written complaint to the treasurer, informed him, "that he [the assessor] had made an erroneous return of the property in the assessment roll for the year 1897; that at the time of making the said assessment he intended to assess" the property "at the sum of ($16,000) sixteen thousand dollars, the amount for which it had been assessed for some years prior thereto, and which he then believed and which he now believes to be the true value and the amount which he intended to return as the assessed valuation, but by a clerical error he made an erroneous return of the said property, and returned the same as of the assessed value of sixteen hundred dollars ($1,600)." The treasurer thereupon served upon appellant, by mail, a copy of the complaint, together with a notice fixing a time and place for hearing the matter complained of and notifying appellant that he would be given an opportunity at such hearing to show that the return of the assessor was correct. Prior to the date fixed for the hearing before the treasurer, the appellant applied to the superior court of Jefferson county for a writ of prohibition, in which application he asked that the treasurer be prohibited from changing, altering, or raising the assessed values of the property. An alternative writ was issued at the time of the application, which the respondent, after its service upon him, moved to discharge. On the hearing the motion was granted, and a judgment dismissing the proceeding entered. This appeal is from that judgment.

It is the contention of the learned counsel for the appellant—and we think it may be conceded—that the county treasurer, in exercising the powers conferred upon him by

the section of the statute above quoted, exercises judicial functions, and that prohibition will lie against him when, in purporting to exercise the powers conferred, he acts without or in excess of his jurisdiction.    He contends further that the treasurer has no jurisdiction of the subject-matter of this controversy, because the facts stated in the complaint of the assessor do not show an "erroneous return of any property which is by law subject to taxation," within the meaning of these words as used in the statute; and that he has not acquired jurisdiction of the person of the appellant, because the notice which the statute requires cannot be served by mail.    But, if it be conceded that the complaint and notice are insufficient to authorize the treasurer to make a change in the assessment of the property of the appellant, a question we do not decide, it does not follow that prohibition will lie to prevent the treasurer from entering upon the inquiry. The writ of prohibition will not be issued as of course, nor because it may be the most convenient remedy.    Nor will it be allowed to take the place of an appeal, or perform the offices of a writ of review.    It is a preventive remedy, and as such is bounded by rigid rules, and is only issued in cases of extreme necessity.    The remedy is employed only to restrain courts and inferior tribunals exercising judicial functions from acting without or in excess of their jurisdiction; and, if the court or tribunal sought to be restrained has jurisdiction of the subject-matter in controversy, a mistaken exercise of its acknowledged powers will not justify the issuance of the writ.    Stated in another way, "it matters not whether the court below has decided correctly or erroneously; its jurisdiction being conceded, prohibition will not go to prevent an erroneous exercise of that jurisdiction."    High, Extraordinary Legal Remedies, § 772.    It is also a general rule that the writ

will issue only when it is made to appear that the party aggrieved has applied in vain to the inferior tribunal for relief, and then only when there is no other plain, speedy, or adequate remedy in the ordinary course of law.

In the present case it is clear that the county treasurer has jurisdiction of the subject-matter in controversy, for by the express terms of the statute he is given power to inquire into and correct an erroneous return in the assessment rolls made by the county assessor. Having this jurisdiction, he has the power and the exclusive right, in the first instance, to determine whether a given state of facts will authorize him to make the correction, and whether a given notice is sufficient to bring a party before him. If he decides these questions erroneously, it is nothing more than an erroneous exercise of acknowledged jurisdiction, and is not a case where he acts without or in excess of jurisdiction. To correct error, we repeat, is not the function of a writ of prohibition. *State ex rel. Light Co. v. Superior Court,* 20 Wash. 502 (55 Pac. 933); *State ex rel. Vincent v. Benson,* 21 Wash. 571 (58 Pac. 1066).

It is urged, however, that the writ should issue because the statute does not provide for an appeal from the judgment of the county treasurer. But the fact that there is no appeal is never, alone, sufficient to authorize the issuance of the writ, except in cases where there is no other adequate remedy; and here, in the writ of review provided for by the Code, we find a remedy ample to correct any error in the judgment the treasurer may render. *Lewis v. Bishop,* 19 Wash. 312 (53 Pac. 165); *Browne v. Gear,* 21 Wash. 147 (57 Pac. 359).

The judgment is affirmed.

DUNBAR, C. J., and REAVIS, J., concur.