[No. 10885.  *En Banc.*  December 21, 1912.]

THE STATE OF WASHINGTON, *on the Relation of Daniel Griffith et al., Plaintiff,* v. THE SUPERIOR COURT FOR PIERCE COUNTY, *Respondent.*[1]

PROHIBITION—WHEN LIES—ADEQUATE REMEDY BY APPEAL—ORDERS FOR PERFECTING APPEAL—JURISDICTION.  Prohibition will not lie to prevent the enforcement of an order requiring the defendant, who had employed a court stenographer, to return to the stenographer his notes of the trial so that he might extend the same for use in preparing a statement of facts on appeal; since the court had jurisdiction of the subject-matter and the parties, and prohibition does not lie to correct error where there is an adequate remedy by appeal.

DIVORCE—APPEAL—PERFECTING   APPEAL—RECORD—STATEMENT   OF FACTS—JURISDICTION PENDING APPEAL.  The superior court has jurisdiction, pending appeal in a divorce case, to order the defendant to return to the stenographer employed by him, the notes of the evidence so that they might be extended for the use of the plaintiff in preparing a statement of facts; in view of Rem. & Bal. Code, § 996, providing that on appeals in a divorce case, the superior court shall certify the evidence adduced at the trial, and Id., § 1731, providing that notwithstanding the appeal has been perfected, the superior

[1]Reported in 128 Pac. 644.

court shall retain jurisdiction for the purpose of settlement and certifying bills of exception and statements of facts and for all purposes in so far as the cause is not affected by the appeal.

Application filed in the supreme court November 25, 1912, for a writ of prohibition against the superior court for Pierce county, Easterday, J., to prevent enforcement of an order to deliver the stenographer's notes pending an appeal. Denied.

*Rickabaugh & McElroy* and *Williamson, Williamson & Freeman*, for relators.

*Frank H. Kelley*, for respondent.

FULLERTON, J.—This is an original application for a writ of prohibition. In May, 1912, one Leva Griffith began an action in the superior court of the county of Pierce against her husband, Daniel Griffith, for a divorce, setting forth in her complaint certain allegations of fact which if proven would entitle her to the relief sought. Issue was taken in the complaint by the defendant and a trial had before the court, in which the evidence of the respective parties was given orally and taken down by a stenographer employed by the defendant Daniel Griffith. At the conclusion of the trial, the court determined that the evidence was insufficient to support the allegations of the complaint; and thereafter and on September 3, 1912, entered a written judgment or decree denying the divorce and dismissing the action. The plaintiff thereupon in open court gave notice of appeal from the judgment entered to the supreme court, and within five days thereafter filed the statutory appeal bond necessary to perfect the appeal.

On November 20, 1912, the plaintiff moved the court for an order directed to the defendant and his attorneys requiring them to turn over to the stenographer the original notes of the testimony taken at the trial, so that the stenographer might extend the same for use in preparing a statement of facts on the appeal; averring in affidavits filed in support of

the motion that such notes had been taken from the stenographer by the defendant, through his attorneys, and that they had refused to return the same to the stenographer on his demand. A hearing was had on the motion after due notice, whereupon the trial court made the order requested. This writ is sought to prevent the court from enforcing or attempting to enforce the order, on the ground that it was made without jurisdiction.

In support of the application for the writ, two contentions are made. It is first contended that, inasmuch as there is no law in this state creating an official court stenographer, the services of the stenographer, if one is employed, belong to the party employing him; hence he is not subject to the direction or control of the court, and any order made with respect to him must necessarily be void. But we cannot agree with this reasoning. Possibly an order of the court affecting the disposition of the notes taken by a stenographer under the circumstances shown here may be erroneous and subject to vacation in some appropriate form of review, but it is not void for want of jurisdiction. The court had jurisdiction over the subject-matter of the order, and over the parties, and hence jurisdiction to make an order in the premises. Whether or not it made a correct order, does not affect its jurisdiction. The error, therefore, if error was committed, was one made in the exercise of competent jurisdiction, and not one made without jurisdiction, and is not subject to correction by a writ of prohibition.

"The writ of prohibition will not be issued as of course, nor because it may be the most convenient remedy. Nor will it be allowed to take the place of an appeal, or perform the offices of a writ of review. It is a preventive remedy, and as such is bounded by rigid rules, and is only issued in cases of extreme necessity. The remedy is employed only to restrain courts and inferior tribunals exercising judicial functions from acting without or in excess of their jurisdiction; and, if the court or tribunal sought to be restrained has jurisdiction of the subject-matter in controversy, a mistaken

exercise of its acknowledged powers will not justify the issuance of the writ.   Stated in another way, 'it matters not whether the court below has decided correctly or erroneously; its jurisdiction being conceded, prohibition will not go to prevent an erroneous exercise of that jurisdiction.' "   *State ex rel. Lewis v. Hogg*, 22 Wash. 646, 62 Pac. 143.

The second contention is that the court was without jurisdiction to make the order because the cause in which it was made was pending in this court on an appeal duly perfected. But the statute specially relating to appeals in divorce proceedings, Rem. & Bal. Code, § 996, provides that, when either party to such a proceeding shall signify a desire to appeal from any of the orders of the court, the court shall certify the evidence adduced at the trial so that the supreme court shall be possessed of the whole case as was the superior court; and the general statute relating to appeals (Id., § 1731), provides that, notwithstanding the appeal has been perfected by giving notice and filing a bond, the "superior court shall, nevertheless, retain jurisdiction for the purpose of all proceedings by this act provided to be had in such court, and for the purpose of settlement and certifying the bills of exceptions and statements of facts, and for all purposes in so far as the cause is not affected by the appeal."   In virtue of these statutes, the superior court, after an appeal, has jurisdiction to make all orders necessary to enable it to settle and certify bills of exceptions and statements of facts, and the order here in question was one clearly falling within such jurisdiction.

The application is denied.

ALL CONCUR.