[No. 11675.   Department One.   March 20, 1914.]

THE STATE OF WASHINGTON, *on the Relation of William J. Meyer, Plaintiff*, v. MILES L. CLIFFORD, *as Judge, etc., Respondent.*[1]

EXECUTORS AND ADMINISTRATORS—FINAL DISTRIBUTION—HEIRSHIP —DETERMINATION—JURISDICTION. Where an estate is ready for final distribution, the court has jurisdiction to determine heirship, although the allegations of the administrator on the subject are not technically perfect.

DISCOVERY — JURISDICTION — EXHUMATION OF BODY. The superior court has inherent power to compel the production of evidence by ordering the exhumation of a body to determine an issue.

EXECUTORS AND ADMINISTRATORS—PROOF OF HEIRSHIP—DUTY OF ADMINISTRATOR. An administrator, upon final distribution, must, under Rem. & Bal. Code, § 1390, furnish the names and places of residence

[1]Reported in 139 Pac. 650.

of the heirs to the best of his ability; and hence may allege that certain claimants are not heirs, especially when he is personally in-·terested in the estate.

PROHIBITION—WHEN LIES. Prohibition lies only when the court is acting without or in excess of jurisdiction, and there is no adequate remedy by appeal or writ of error; and the words "in excess of jurisdiction" do not mean error in law or fact in the exercise of acknowledged jurisdiction.

SAME—WHEN LIES—JURISDICTION. A writ of prohibition will not issue to prevent the superior court from entering an order for the exhumation of a body in order to procure evidence, where the court had jurisdiction of the subject-matter, and of the parties by their appearance; since error of law therein may be reviewed by writ of certiorari.

Application for a writ of prohibition filed in the supreme court November 17, 1913, to the superior court for Pierce county, Clifford, J., to prohibit the entry of an order for the exhumation of a body. Denied.

*Boyle, Brockway & Boyle*, for relator.
*Gordon & Easterday* and *John Mills Day*, for respondent.

GOSE, J.—This case is before us upon an alternative writ of prohibition. The essential facts are these: Frederick Meyer was divorced, in Pierce county, in 1880. The relator is a son of the divorced wife. In June, 1881, Meyer married a widow named Agnette Chambers, who had two children, a son and a daughter. On the 23d day of June, 1911, Meyer died. On the 24th day of December, following, his widow Agnette died, leaving her surviving her son and daughter. In July, 1911, R. L. Chambers, a son of Agnette Meyer, was appointed administrator of the estate of Frederick Meyer. The appraised value of the estate is $13,000. In September, 1913, the administrator filed a final report and petition, in which he denied the right of the children of the divorced wife Louise Meyer to inherit, and asserted the right of the heirs of Agnette Meyer to take the estate. Later, Margaret Peterson, a daughter of Agnette Meyer, filed an affidavit to the effect that, immediately prior to the

marriage between Frederick Meyer and her mother, the former stated to her that "he had no living issue, and that he never had had any." She further states that "it was common knowledge and common rumor," in the community where Frederick Meyer and his first wife Louise lived, that none of the children born to Louise were the children of Frederick. At the same time, the administrator filed his affidavit corroborating the affidavit of his sister Margaret, and stating further that his mother, subsequent to her marriage with Frederick Meyer, told him that the children born to Louise were not the children of Frederick, and that Frederick "in his early infancy" had been castrated and was wholly impotent. The affidavits of two physicians were filed, in which they, in substance, stated that an examination of the body of Frederick ought to disclose "with reasonable certainty" whether he had been castrated. Opposing affidavits of two physicians were also submitted. The relator submitted an affidavit which states that Frederick Meyer at all times acknowledged him as a son.

The case was heard below upon the petition of the administrator for an order directing the exhumation of the body of Frederick Meyer, the affidavits to which reference has been made, and the admissions of counsel in open court, the relator contending that the court had no jurisdiction to make such an order. After a hearing, the court announced that he would enter an order directing the exhumation of the body and directing that the body be examined by three physicians to be appointed. The relator thereupon sued out an alternative writ of prohibition. The respondent has filed a motion to quash the writ, upon the ground that the relator's remedy, if any, is by a writ of review, bringing up the entire record. He has also filed an answer, in which he affirmatively alleges that, at the hearing, the relator being present in person and by counsel,

"It reasonably appeared from the evidence then and there introduced by the respective parties, the stipulations and ad-

missions of counsel in open court, the statement of counsel as
to what various parties would testify to if personally present
or by way of affidavit, which matters by agreement of coun-
sel were to be considered by the court as if actually testified
to by such parties, and from the evidence then produced,
that an exhumation and examination of the remains of said
Frederick Meyer, deceased, might disclose and reveal, and
therefore enable the production of material evidence bearing
on the issue pending in said court over which affiant presides
.  .  .   as to the legitimacy of the relator and other claim-
ants as children and heirs of the body of the said Frederick
Meyer, deceased; and believing that said court possessed
power and jurisdiction thereunto, and that the evidence so
produced at said hearing made the case one calling for the
exercise of said power and jurisdiction, this respondent an-
nounced that he would, and hereby declares it his purpose,
unless prohibited by this honorable court, to make and enter
an order similar in terms to that complained of by the relator
herein, and sought to be prohibited by this proceeding."

We find no denial of this affirmative matter in the record.
Other matter is pleaded by the relator going to the question
of his heirship, which is put in issue by the answer and need
not be considered. At the time of the hearing below, the es-
tate was ready for final settlement and distribution.

The relator argues, (a) that the court was attempting to
act without jurisdiction because the affidavits were based
upon hearsay, and that no issue was before the court; and
(b), if we understand his position, that the administrator
cannot raise the question of the right of the relator to
inherit.

Jurisdiction is the power to hear and determine. The su-
perior court is a court of general jurisdiction. The court
had jurisdiction of the estate, and one of the incidents of that
jurisdiction was the power and duty to determine who shall
take the estate. The relator was before the court, both in
person and by counsel. Hence the court had jurisdiction of
the parties. In effect, the administrator alleges, upon infor-
mation and belief, that the relator and his brothers and sis-

ters are not the children of Frederick Meyer, and therefore that they are not his heirs. While the showing may be technically imperfect, it gave the court jurisdiction. Power to compel the production of evidence is inherent in the court. 1 Greenleaf, Evidence (13th ed.), § 309.

In respect to the second question, the statute, Rem. & Bal. Code, § 1390 (P. C. 409 § 175), makes it the duty of the administrator, in his application for letters, to furnish the names and places of residence of the heirs of the deceased "to the best of his knowledge." If he later finds, or in good faith believes, that those named as heirs in the affidavit accompanying his application are not in fact heirs, common honesty would require him to so report to the court. Moreover, as heir to his mother, he has an actual interest in the estate which may obviously be enlarged if Frederick Meyer died without issue.

The office of a writ of prohibition is to arrest proceedings which are "without or in excess" of the jurisdiction of the particular tribunal whose acts are sought to be reviewed. The writ is available only where the tribunal is proceeding "without or in excess" of jurisdiction, and then only where there is no adequate remedy either by appeal or by writ of error. *State ex rel. Griffith v. Superior Court*, 71 Wash. 386, 128 Pac. 644; *State ex rel. Mackintosh v. Superior Court*, 45 Wash. 248, 88 Pac. 207. In the *Griffith* case, we said:

"The court has jurisdiction over the subject-matter of the order, and over the parties, and hence jurisdiction to make an order in the premises. Whether or not it made a correct order, does not affect its jurisdiction. The error, therefore, if error was committed, was one made in the exercise of competent jurisdiction, and not one made without jurisdiction, and is not subject to correction by a writ of prohibition."

A writ of prohibition will not issue to review errors, either of law or fact, where the tribunal has jurisdiction. Such

matters are reviewable by certiorari where there is no appeal, and the order which the court was about to make in the instant case is conceded to be interlocutory and nonappealable. Rem. & Bal. Code, §§ 1002 and 1010 (P. C. 81 §§ 1729, 1745). The words in the statute, Rem. & Bal. Code, § 1027 (P. C. 81 § 1781), "in excess" of the jurisdiction of such tribunal, clearly do not mean an error either in law or fact committed in the exercise of an acknowledged jurisdiction.

The sustaining cases are in conflict with *State ex rel. Puyallup v. Superior Court*, 50 Wash. 650, 97 Pac. 778; *State ex rel. Murphy v. Wright*, 76 Wash. 383, 136 Pac. 482, and kindred cases, and to the extent of such conflict, the latter are overruled. In the *Puyallup* case, it was, in effect, held by a divided court that certiorari and prohibition are concurrent remedies. Judge Rudkin, in a dissenting opinion, exposed the error of that view, saying:

"To hold that a court of general jurisdiction exceeds that jurisdiction every time it issues a writ or grants any other form of relief in an improper case or upon an improper showing, is to lose sight of all distinction between a want of jurisdiction and mere error in the exercise of jurisdiction. Such a holding practically limits the term 'jurisdiction' to the power to hear and determine rightly and without error."

This view is fortified by a reading of the affirmative matter in the answer. The evidence is not before us. The respondent alleges that he reached his conclusion from the affidavits and admissions of counsel. What these admissions were, we do not know. They could have been preserved in the record, and errors in both law and fact, if any, could have been reviewed on certiorari. Rem. & Bal. Code, § 1010 (P. C. 81 § 1745).

We conclude that the court had jurisdiction of the subject-matter, and jurisdiction of the parties by their appearance at the hearing. The alternative writ will be vacated.

Crow, C. J., Chadwick, Parker, and Morris, JJ., concur.