[No. 15988.    Department One.    September 14, 1920.]

THE STATE OF WASHINGTON, *on the Relation of*
*H. P. McGlothern, Plaintiff*, v. THE SUPERIOR
COURT FOR KING COUNTY, *Calvin S. Hall,*
*Judge, Respondent.*[1]

PROHIBITION (9, 20)—WHEN LIES—JURISDICTION—PREVENTING FURTHER PROCEEDINGS—INJUNCTION. Since, under Rem. Code, §§ 1027, 1028, a writ of prohibition will not issue unless the trial court is proceeding without or in excess of jurisdiction, and then only where there is no adequate remedy either by appeal or by writ of error, the supreme court will not grant the writ to prohibit the superior court from hearing a motion to vacate a temporary injunction, though entered by consent of defendant and under circumstances that estop it from having it dissolved; since the court, having jurisdiction of the subject-matter and the parties, had jurisdiction to make an order in the premises, which order, if not appealable, is reviewable by certiorari.

[1]Reported in 192 Pac. 937.

Application filed in the supreme court July 26, 1920, for a writ of prohibition to prevent the superior court for King county, Hall, J., from further proceeding in a cause. Denied.

*W. R. Crawford* and *Morris B. Sachs,* for relator.
*Walter F. Meier,* for respondent.

MITCHELL, J.—This case is before us upon the petitions or affidavit and supplemental affidavit of the relator, and the return of the respondent to an alternative writ of prohibition.

Essentially, it appears that the relator commenced an action in the superior court of King county against the city of Seattle to enjoin it from enforcing the provisions of one of its ordinances, and a resolution of the city council connected therewith, relating to the regulation and licensing of the jitney bus traffic in the city. Upon the furnishing of a sufficient bond, an emergency restraining order was issued, together with an order directing the city to show cause why an injunction, during the pendency of the suit, should not be granted. The summons and complaint and the show cause order were promptly served upon the city. On the return day of the show cause order, the city responded and, by its demurrer, appeared generally in the cause. An answer to the complaint therein was filed later. From the return day mentioned, the cause was continued from time to time, during all of which time, until on the 19th day of July, 1920, the restraining order was continued in force. On the last named date, both parties being present in court by their counsel and appearing in the cause, the superior court made and caused to be entered an injunctive order against the city, to continue until the final hearing of the cause and until the further order of the court. Within a few

days the city served and filed, and noticed for hearing, a motion to dissolve the temporary injunction theretofore issued in the cause. The court fixed a date for hearing the city's motion, but prior to that date the application was made to this court for a writ of prohibition, upon which application an alternative writ was ordered issued and served upon the judge of the superior court.

It is alleged by the relator that, about the time of making the motion to vacate the temporary injunction, the cause, by assignment, was about ready for trial on the merits, and that counsel for the city asked for a continuance of the trial on the merits (from a date already fixed) so as to allow sufficient time to present the motion and have the temporary injunction dissolved, so that, in the event of a decision adverse to the plaintiff therein on the final hearing, the injunction against the city could not be continued in force by a supersedeas during the pendency in this court of any appeal taken by the plaintiff. It is also further alleged herein that thereupon the judge of the superior court sitting at that time, without any proper showing, and over the protest of the plaintiff, continued the hearing of the cause upon its merits until September 24, 1920, so that the city might be able in the meantime to present and obtain an order dissolving the temporary injunction. It is further alleged herein by the relator that the temporary injunction was granted and entered upon the consent of the city, in consideration of the relator, plaintiff therein, disadvantaging himself concerning certain other proceedings pending between them relating to the same subject-matter, and also upon the plaintiff's agreeing, as he did agree, to advance the date for the final trial of that case on its merits. It is further alleged that this

relator has objected to the hearing by the superior court of the city's motion to dissolve the injunction, but that, nevertheless, a day has been fixed and the superior court threatens to, and unless prohibited will proceed to, hear the motion on its merits, without and in excess of jurisdiction, to the oppression of the relator, the plaintiff therein, against which action on the part of the superior court there is no plain, speedy and adequate remedy other than by writ of prohibition issued out of this court.

The respondent has filed a general demurrer to the affidavits, and also filed an answer and return, which, of course, contain no statement or admission as to what disposition will be made of a motion to vacate the temporary injunction when and if the same shall be presented; and which return, among other things, contains certain denials that appear to meet the allegation that the temporary injunction was consented to by the city. In this situation the relator moves this court for an order of reference to take and report back the evidence upon this controverted matter of fact; and in support of the motion tenders, *aliunde*, what purports to be a stenographic report of all that occurred between respective counsel and the court at the time of the making and entering of the temporary injunction. Counsel for the city consents in open court that the stenographic report as tendered may be considered, though disputing its materiality. But we are satisfied the motion for an order of reference must be, and it is, denied. Upon due consideration, we are convinced that the relator's affidavits, considered in their most favorable light, do not show that he is entitled to a writ of prohibition.

The parties and the subject-matter are all before the superior court by process and under general ap-

·pearances. The immediate cause of the controversy relates to an intermediate step or order in the progress of the cause which the superior court has unquestioned power and jurisdiction to hear and determine. If it be assumed that the temporary injunction was entered with the consent of the city, or rather under circumstances that estop it from having it dissolved, as is contended by the relator, then, of course, the superior court will deny the motion to dissolve it.

As applicable here, the statutes provide that the writ of prohibition arrests the proceedings of the superior court when such proceedings are without or in excess of the jurisdiction of the superior court, and may be issued by this court to that court in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law. Rem. Code, §§ 1027, 1028. Under the constitution and statutes, the superior courts of this state have been given general jurisdiction. Jurisdiction means the power to hear and determine. It is the power not to hear and determine correctly, nor the power to hear and determine incorrectly, but the power to simply hear and determine; and if, in the face of all presumptions, a litigant fears an erroneous ruling, it can in no sense disturb or defeat the power of the court to hear and determine. In the progress of the cause towards the final judgment, the superior court has the jurisdiction to reconsider its orders.

In the case of *State ex rel. Griffith v. Superior Court*, 71 Wash. 386, 128 Pac. 644, it was said:

"The court had jurisdiction over the subject-matter of the order, and over the parties, and hence jurisdiction to make an order in the premises. Whether or not it made a correct order, does not affect its jurisdiction. The error, therefore, if error was committed, was one made in the exercise of competent jurisdiction, and

not one made without jurisdiction, and is not subject to correction by a writ of prohibition."

See, also, *State ex rel. Lewis v. Hogg*, 22 Wash. 646, 62 Pac. 143; *State ex rel. Meyer v. Clifford*, 78 Wash. 555, 139 Pac. 650.

To make the writ available, conditions must be dual. It must be a case wherein the tribunal is proceeding "without or, in excess" of jurisdiction, and then only where there is no adequate remedy either by appeal or by writ of error. *State ex rel. Meyer v. Clifford, supra.* In the case just cited, this court said:

"A writ of prohibition will not issue to review errors, either of law or fact, where the tribunal has jurisdiction. Such matters are reviewable by certiorari where there is no appeal, and the order which the court was about to make in the instant case is conceded to be interlocutory and nonappealable. Rem. & Bal. Code, §§ 1002 and 1010 (P. C. 81 §§ 1729, 1745). The words in the statute, Rem. & Bal. Code, § 1027 (P. C. 81 § 1781), 'in excess' of the jurisdiction of such tribunal, clearly do not mean an error either in law or fact committed in the exercise of an acknowledged jurisdiction."

So that, if in this case it be said that, by statute, it is provided "that no appeal shall be allowed from any order denying a motion for a temporary injunction, or vacating a temporary injunction, unless the judge of the superior court shall have found upon the hearing that the party against whom the injunction was sought was insolvent" (Rem. Code, § 1716, subd. 3), it may be answered that any party feeling aggrieved in any such case is amply protected, but not by the extraordinary writ of prohibition. We have often said:

"The adequacy of the remedy by appeal, or in the ordinary course of law, is the test to be applied by this court in all applications for extraordinary writs, and not the mere question of jurisdiction or lack of juris-

diction." *State ex rel. Miller v. Superior Court,* 40 Wash. 555, 82 Pac. 875, 111 Am. St. 925, 2 L. R. A. (N. S.) 395; *State ex rel. Godfrey v. Superior Court,* 111 Wash. 101, 189 Pac. 256.

The alternative writ heretofore issued in this case will be vacated and the proceedings in this court dismissed.

MAIN, FULLERTON, and PARKER, JJ., concur.