[No. 21406. Department One. September 5, 1928.]

THE STATE OF WASHINGTON, *on the Relation of Roy Francis Nelms et al., Plaintiffs,* v. THE SUPERIOR COURT FOR SPOKANE COUNTY *et al., Respondents.*[1]

*E. O. Connor* and *Kimball & Blake,* for relators.
*Danson, Lowe & Danson,* for respondents.

BEALS, J.—This proceeding was instituted in this court by Roy Francis Nelms and Blanche Marie Nelms, his wife, as plaintiffs and relators, seeking a writ of prohibition against the superior court for Spokane county, *et al.*, respondents, prohibiting that court from making and entering certain findings in a

[1]Reported in 270 Pac. 128.

proceeding pending before it concerning the adoption of a minor.

This matter has already been before us upon petition of these relators, at whose instance a writ was issued prohibiting the superior court for Spokane county from making any permanent disposition of the custody of the minor above mentioned until the determination of certain matters concerning his legal adoption. See, *State ex rel. Nelms v. Superior Court,* 148 Wash. 24, 267 Pac. 775, to which opinion reference is made for a discussion of the facts giving rise to this litigation.

After the granting of the writ of prohibition above referred to, the trial court announced its intention of making certain findings of fact and conclusions of law, based upon the testimony introduced by the parties upon the hearing on the petition of Albert and Bertyne Birkland to vacate the order of adoption of the minor child whose custody is the subject-matter of these proceedings, which order was entered on petition of these relators. Believing that the trial court was going beyond the issues properly before it for adjudication in making the findings of fact which the court announced it would make, relators obtained from this court an alternative writ of prohibition, to which writ due return has been made, the matter being now before us for decision.

Respondents contend that relators have misconceived their remedy, and that prohibition will not lie under the facts presented. The evidence introduced on the hearing before the superior court is not before us, and the sole question to be determined is whether or not the findings which the trial court proposes to make are without or in excess of the jurisdiction of that tribunal, as determined by the pleadings and the law applicable thereto.

█ The extraordinary writ of prohibition is available only where the court sought to be prohibited from further proceeding is acting without or in excess of its jurisdiction (Rem. Comp. Stat., §§ 1027-1028), and then only in cases where there is no adequate remedy either by appeal or by certiorari. *State ex rel. Meyer v. Clifford,* 78 Wash. 555, 139 Pac. 650. The last mentioned case is referred to in the recent decision of this court in the case of *State ex rel. Walker v. Superior Court,* 148 Wash. 610, 270 Pac. 126, in which the relator sought to prohibit the trial court from making an order vacating a final decree of divorce. In the *Walker* case, we held that, as the superior court had jurisdiction over the parties to the proceeding and over the subject-matter thereof, any error committed could be reviewed only on appeal or by certiorari. In the case at bar, the superior court has undoubted jurisdiction over the persons of all parties concerned, and over the subject-matter of the proceeding. This brings this case within the well-established rule that the extraordinary remedy by way of a writ of prohibition (which it must be borne in mind is a prerogative writ to be issued with great caution, 32 Cyc. 598), cannot be employed to prevent the commission of error of fact or law in instances where the tribunal sought to be restrained is acting within its jurisdiction. 32 Cyc. 617.

In this instance, the trial court, in making findings of fact based upon the evidence introduced by the respective parties under the pleadings which made up the issues upon which the hearing was had, will not be acting without or in excess of its jurisdiction; and we accordingly hold that the relators are not entitled to a writ of prohibition preventing the superior court from making such findings of fact as, in the opinion of the court, are proper.

If the trial court, in making its findings of fact, transcends the issues which are before it for determination, as defined and limited by this court in *State ex rel. Nelms v. Superior Court, supra,* or otherwise errs, relators may, in due time, have such action reviewed by this court by following one or other of the methods provided by law for attaining that end.

The writ is denied.

FULLERTON, C. J., TOLMAN, PARKER, and MITCHELL, JJ., concur.