[No. 21400. Department One. October 19, 1928.]

THE STATE OF WASHINGTON, *on the Relation of Effie LeRoy, Plaintiff,* v. THE SUPERIOR COURT FOR THURSTON COUNTY, *Respondent.*[1]

*Harry L. Parr,* for relators.

*Frank P. Christensen,* for respondent.

[1]Reported in 271 Pac. 87.

PARKER, J.—As presented to us for final determination, this is, in substance, a certiorari proceeding wherein the relator, Effie Le Roy, seeks reversal of an order of the superior court for Thurston county setting aside a default judgment rendered by that court in an unlawful detainer action, in her favor as plaintiff and against Jeanette Wayne as defendant, and permitting defendant to answer to the merits.

The controlling facts appearing by the record before us may be summarized as follows: On June 20, 1928, the unlawful detainer action was commenced in the superior court, and a summons issued and served upon the defendant therein returnable on June 27. Immediately upon the commencement of the action, the plaintiff procured the issuance of a writ of restitution, upon furnishing a bond as provided by statute, the writ being awarded by Judge Wright, presiding in Department No. 2 of the superior court for Thurston county. On June 22, counsel for the defendant gave to counsel for the plaintiff notice that he would apply to the court on June 25, for an order increasing the amount of the bond, and for additional surety or sureties thereon. Accordingly, on June 25 the parties appeared by their respective counsel in Department No. 2 of the superior court, Judge Wright presiding, and a hearing was had resulting in a new bond being furnished by the plaintiff and the court allowing the defendant three days from that time to furnish a counter bond to prevent restitution of the premises pending the action.

While there was no other proceeding had in the action up to that time, counsel for the defendant did not evidence his intent to make his appearance for the defendant other than a general appearance. On June 28, the day following the return day of the summons, the defendant not having formally demurred or

pleaded to the merits, counsel for the plaintiff, without any notice to the defendant or her counsel, applied to Department No. 1 of the superior court, Judge Wilson presiding, for a final judgment by default against the defendant. Judge Wilson, upon the showing then made to him by counsel for the plaintiff, and not being advised of the proceedings theretofore had in the case before Judge Wright in Department No. 2 of the court, was led to believe that the defendant had wholly failed to make any appearance in the action; and thereupon, during the forenoon session of his court, Judge Wilson on that day entered a default judgment against the defendant.

Counsel for the defendant, soon learning of the entry of the default judgment, immediately applied to Judge Wilson for its vacation and for permission to answer to the merits. Upon the opening of the afternoon session of Department No. 1, the court on that day, Judge Wilson presiding, the prior proceedings in the case in Department No. 2 of the court, Judge Wright presiding, then being called to the attention of Judge Wilson, and he seeing that the default judgment had been applied for and by him entered without notice to the defendant or her counsel, though there had been a prior appearance in the case by her counsel, entered an order setting aside the default judgment and permitting the defendant to answer to the merits, which she immediately did. Counsel for the plaintiff then had due notice and opportunity to be heard before Judge Wilson upon the question of the setting aside of the default judgment. On June 29, counsel for the plaintiff instituted this proceeding in this court looking to reversal and holding for naught the order setting aside the default judgment.

It is contended in behalf of the relator, plaintiff in the unlawful detainer action, that the superior

court was without jurisdiction to set aside the default judgment. It seems clear to us that this contention cannot be sustained. Plainly a superior court has general jurisdiction over the subject-matter of setting aside judgments rendered therein, whether rendered in ordinary civil actions or actions of this nature. Among the grounds enumerated by statute for the vacation of judgments are "irregularity in obtaining the judgment" and "fraud practiced by the successful party in obtaining the judgment." Rem. Comp. Stat., § 464. Judge Wilson, in setting aside the default judgment, manifestly proceeded upon the theory that there was such irregularity, constituting legal fraud on the part of counsel for the plaintiff in obtaining the judgment, particularly in that it was obtained without notice to the defendant or her counsel, as entitled her to have it set aside and be permitted to answer to the merits, though counsel for the plaintiff, it may be conceded, honestly considered that he was asserting a legal right in behalf of the plaintiff in obtaining the default judgment.

It seems plain to us that these considerations call for the conclusion that Department No. 1 of the court, Judge Wilson presiding, was acting within its jurisdiction in entertaining the defendant's application to set aside the default judgment, both as to the subject-matter of the application and the persons of the parties.

It is further contended in behalf of relator, as we understand her counsel, that, at all events, she was entitled to judgment by default without the necessity of giving notice of application therefor to the defendant or her counsel. The following provisions of our unlawful detainer statute, referring to sections of Remington's Compiled Statutes, are invoked in that behalf:

"§ 822. If at the time appointed in the summons the defendant do not appear and defend, the court must render judgment in favor of the plaintiff as prayed for in the complaint."

"§ 823. On or before the day fixed for his appearance the defendant may appear and answer or demur."

The argument is, in substance, that these provisions of our unlawful detainer statute prescribe a complete and exclusive procedure as to the manner and time of responding to the merits by the defendant. We do not think so. It seems to us that the court has power, for good cause, to relieve a defendant from the consequences of failing to formally demur or answer within the prescribed time, in an unlawful detainer action as well as in an ordinary civil action. True, the language of § 822 above quoted seems in terms to be mandatory as to the rendering of the judgment by default, but we do not think that language should be so regarded to the extent of depriving a defendant from showing cause for a failure to answer or demur within the prescribed time. Another provision of our unlawful detainer statute, Rem. Comp. Stat., § 829, reads:

"Except as otherwise provided in this chapter, the provisions of the laws of this state with reference to practice in civil actions are applicable to and constitute the rules of practice in the proceedings mentioned in this chapter; . . ."

And referring to our general civil practice statutes, Rem. Comp. Stat., § 241, we read:

"A defendant appears in an action when he answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of his appearance. After appearance a defendant is entitled to notice of all subsequent proceedings; . . . Every such appearance made in an action shall be deemed a general appearance, unless the defendant in

448

making the same states that the same is a special appearance.''

These considerations lead us to the conclusion that the superior court not only had jurisdiction of the subject matter and the persons of the parties, empowering him to decide as to whether or not the default judgment should be set aside; but, also, that, under the circumstances appearing, it did not abuse its discretion or err in setting aside the default judgment and allowing the defendant to answer to the merits.

The order is affirmed and this proceeding is dismissed.

FULLERTON, C. J., FRENCH, and TOLMAN, JJ., concur.