[No. 27470. Department One. May 25, 1939.]

*In the Matter of the Estate of* ISRAEL RABIE, *Deceased.*

ANNA RABIE, *Appellant,* v. ALBERT RABIE *et al., Respondents.*[1]

[1]Reported in 90 P. (2d) 1011.

*H. A. LaBerge,* for appellant.

*Hubbert & Mullins,* for respondents.

MAIN, J.—This is an appeal from an order of the superior court setting aside an order of the court commissioner in a probate matter.

Israel Rabie died testate in Yakima county September 2, 1937. The heirs were the widow, six children by a former marriage, one son by the last marriage, and one grandson. Anna Rabie, the widow, and Nico C. Sybouts, a son-in-law, were appointed executrix and executor, respectively.

At the time of the death of Mr. Rabie, there was on deposit in the Yakima Federal Savings and Loan Association eight thousand dollars. Among the assets first inventoried, only three thousand dollars of this money appeared. The shares in the savings and loan association were held for the joint account of Mr. and Mrs. Rabie.

After the filing of the first inventory, certain proceedings took place, which resulted in an order entered as the result of a petition signed by Mrs. Rabie requiring that, in the second inventory, the entire eight thousand dollars be listed. This order was entered February 10, 1938. March 18, 1938, a stipulation was entered into between the executrix, the executor, two of the heirs, the guardian *ad litem* for the minor heir, and the then attorney for the remaining heirs, which provided that the order of February 10, 1938, which brought the entire eight thousand dollars into the second inventory, should be annulled and vacated; and on the same date an order was entered, reciting that, "all consenting thereto," meaning all the interested parties, the order of February 10, 1938, would be set aside and vacated.

March 24, 1938, Mrs. Rabie, individually, filed a pe-

tition asking that the eight thousand dollar deposit in the savings and loan association, together with accumulated dividends, be eliminated from the estate and stricken from the amended inventory. A hearing was had on this petition, which resulted in an order entered March 31, 1938, eliminating the eight thousand dollars from the inventory. This order, in effect, vacated the order of February 10th, which brought the entire eight thousand dollars into the amended inventory.

April 6, 1938, five of the children by Mr. Rabie's first marriage filed a motion to set aside the order of March 31st, which struck the eight thousand dollars from the inventory, for the alleged reason that the court commissioner had no jurisdiction to enter that order. April 11, 1938, an order was entered denying the motion. All of the foregoing proceedings were heard before the court commissioner.

April 13, 1938, the heirs filed a motion for revision of the order of April 11, 1938, by the superior court. The matter was subsequently heard, and resulted in an order reversing the order entered by the court commissioner of March 31, 1938, for the reason, as stated in the order, that the commissioner had no jurisdiction to enter that order. It is from the order entered by the superior court that Mrs. Rabie has appealed.

The question is whether the court commissioner's order of March 31, 1938, striking the eight thousand dollars from the inventory, could be set aside by the superior court for lack of jurisdiction.

The theory of the respondents is that the court commissioner, in entering the order of March 31st, did so without jurisdiction of the subject matter. The court commissioner in that proceeding, however, determined that he had jurisdiction and entered the order striking the eight thousand dollars from the inventory.

Whether the court commissioner had jurisdiction, was a matter for him to determine, in the first instance.

By jurisdiction is meant the power to hear and determine, regardless of whether the ruling made in the particular case be correct or incorrect. *State ex rel. Meyer v. Clifford,* 78 Wash. 555, 139 Pac. 650; *State ex rel. McGlothern v. Superior Court,* 112 Wash. 501, 192 Pac. 937; *Blanchard v. Golden Age Brewing Co.,* 188 Wash. 396, 63 P. (2d) 397.

When the matter came before the court commissioner, there were three things for him to determine: First, whether the order bringing the entire eight thousand dollars into the inventory was interlocutory or final; second, if it were final, whether there were any irregularities authorizing or permitting the setting of it aside within one year from the date of its entry, even though the time for appeal had expired (Rem. Rev. Stat., §§ 464 and 465 [P. C. §§ 8130, 8131]); and, third, even if there were no irregularities and the order was final, could it be set aside upon the petition of all the interested parties?

In *State ex rel. LeRoy v. Superior Court,* 149 Wash. 443, 271 Pac. 87, it was said:

"Plainly a superior court has general jurisdiction over the subject-matter of setting aside judgments rendered therein, whether rendered in ordinary civil actions or actions of this nature."

The order of March 31st, eliminating the eight thousand dollars from the inventory, being neither taken before the superior court for revision nor appealed from, became a final adjudication, and it is not before us for review. We express no opinion as to whether the commissioner was in error when he entered the order of March 31st which struck the eight thousand dollars from the inventory.

Whether the court commissioner had the right

to vacate the order bringing the entire eight thousand dollars into the inventory with the consent and approval of all the interested parties, is not of controlling importance. It may be said, in passing, that, the order having been consented to and approved, those now objecting to it are not in a position to complain. *Buckley v. Dunkin,* 131 Wash. 422, 230 Pac. 429; *Newman v. Newton,* 14 Fed. 634; *Sheridan v. Chicago,* 175 Ill. 421, 51 N. E. 898; *Royal Trust Co. v. Exchange Bank,* 55 Neb. 663, 76 N. W. 425. The reason is that the parties, in effect, having invited the court commissioner to enter the order, will not be permitted to complain thereof, even though its entry was erroneous. *Pettet v. Johnston,* 83 Wash. 663, 145 Pac. 985; *Barash v. Robinson,* 142 Wash. 118, 252 Pac. 680; *Etter v. Kronlund,* 198 Wash. 341, 88 P. (2d) 417.

Cases such as *Stark v. Jenkins,* 1 Wash. Ter. 421, and *Hibbard & Co. v. Morton,* 184 Wash. 569, 52 P. (2d) 313, which hold that, after the time for appeal has expired, the parties cannot confer jurisdiction on this court by stipulation, have no application to a proceeding in the superior court or before a court commissioner.

The order appealed from will be reversed, and the cause remanded.

BLAKE, C. J., STEINERT, ROBINSON, and JEFFERS, JJ., concur.