[No. 29595. Department Two. April 26, 1945.]

THE STATE OF WASHINGTON, *on the Relation of Emily Cheson,
Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY,
*Donald A. McDonald, Judge, Respondent.*[1]

*Stern & Stern* and *T. M. Royce*, for relator.

*Wright & Wright* and *George D. Lantz*, for respondent.

BLAKE, J.—The relator was married to Henry C. Mont-brand in Chicago, Illinois, in 1934, where they lived together until 1936, when they separated. In December, 1944, relator obtained a decree of divorce on the ground of desertion. She alleged that Montbrand's whereabouts was unknown. The decree was, therefore, based on substituted service of process, and, consequently, no adjudication was made concerning alimony nor property rights.

In January, 1945, relator instituted an action in the superior court for King county, in which she alleged that Montbrand was, and had been since their separation, a resident of this state, and was possessed of property within the jurisdiction of the court. She prayed for an equitable di-

[1] Reported in 157 P. (2d) 991.

vision of the property and asked for suit money and alimony pending the action. Upon an *ex parte* showing, she obtained a show cause order restraining the Canadian Bank of Commerce from paying over to the defendant any money, securities, or property, or any other thing of value, in its possession.

The cause came on for hearing upon the motions for alimony, suit money, and for a restraining order pending the action, and on a motion of defendant's for a cost bond. The court announced that it would enter orders denying relator's motions and granting defendant's; but, so far, no orders have been entered. Relator now seeks a writ of prohibition from this court to prevent the entry of such orders. The respondent has interposed a demurrer to relator's application.

█ Prohibition does not lie to review interlocutory orders of a court having jurisdiction of the subject matter of litigation. In *State ex rel. Prentice v. Superior Court*, 86 Wash. 90, 149 Pac. 321, p. 93, is found a succinct statement of the rule, and which has been applied in innumerable instances:

"Where the superior court has jurisdiction of the subject-matter in controversy, prohibition will not lie to prevent an erroneous exercise of such jurisdiction, where there is an adequate remedy by appeal or writ of review. The writ is not issued to prevent the commission of mere error, nor to take the place of an appeal, or perform the office of a writ of review for the correction of error. The writ will only issue to inferior courts where they are proceeding, or threatening to proceed, without, or in excess of, their jurisdiction."

█ As if in recognition of the applicability of this rule to the petition for a writ of prohibition, counsel for relator, upon argument, suggested that it be treated as one for certiorari.

While it has been the practice of this court to treat applications for extraordinary writs interchangeably—granting the remedial writ to which an applicant may show himself

entitled regardless of how he characterizes it in his application—the petition in this instance cannot be treated as one for certiorari; this, because it appears that the superior court has entered no orders in the premises. There is nothing before this court for review.

Writ denied.

BEALS, C. J., ROBINSON, SIMPSON, and MALLERY, JJ., concur.