[1] Reported in 199 P.2d 581.
This proceeding had its inception in an original application filed in this court for a writ of prohibition to prevent the superior court in and for King county, through one of its judges, from entering an order granting a voluntary nonsuit in an action then pending in that court. *Page 836 
The facts as set forth in the application for the writ are as follows: One K.T. Henderson, as plaintiff, brought suit in the superior court for King county against New York Casualty Company, a corporation, defendant, to recover from the defendant the sum of $3,640.41. Upon the issues presented by the pleadings, the cause proceeded to trial before the Honorable Hugh C. Todd, judge of the superior court for King county, and evidence was produced by and on behalf of the plaintiff. At the conclusion of the plaintiff's case in chief, the defendant challenged the sufficiency of the evidence and moved for a dismissal of the action. After hearing argument on the challenge and motion, Judge Todd stated that he would entertain, instead, a motion by the plaintiff for a voluntary nonsuit. Counsel for the plaintiff thereupon announced that he did not desire a voluntary nonsuit, and counsel for the defendant followed with a statement to the court that, in his opinion, a motion for a voluntary nonsuit at that time came too late, inasmuch as the plaintiff had rested his case. After further argument, however, the plaintiff did make a motion for voluntary nonsuit, which the judge stated would be granted upon payment by the plaintiff of one hundred dollars as attorney's fee for the defendant.
Pursuant to the announced ruling of the court, there was presented to Judge Todd an order proposed by the plaintiff, granting the plaintiff's motion for voluntary nonsuit, and also an order proposed by the defendant, dismissing the action. The judge thereupon stated that he would sign the order presented by the plaintiff, but would delay such signing until application could be made to the supreme court for a writ of prohibition; that if, however, such writ should be issued by the supreme court, he would then sign the order presented by the defendant.
In due time, the defendant, as relator, made application to this court for a writ of prohibition, alleging the above facts by affidavit, and attaching thereto copies of the pleadings in the superior court cause, copies of certain letters which were attached to the complaint and by reference made a part thereof, and copies of the proposed orders described *Page 837 
above. Upon the showing made by the application, the chief justice issued an order directing the superior court, through Judge Todd, to show cause why the writ should not issue.
The respondent judge has made no return to the order to show cause, but has demurred to relator's application, on the grounds that, in its decision to grant the plaintiff's motion for a voluntary nonsuit in the cause pending before it, the superior court was acting within its jurisdiction, and not in excess thereof; that relator has a plain, speedy, and adequate remedy at law; and that the matter of granting or refusing to grant a voluntary nonsuit at the particular stage of the proceeding rested in the sound discretion of the trial court.
In the briefs submitted to this court, both parties cite Rule of Practice 4, 18 Wn.2d 33-a, which has to do with the right to take voluntary nonsuit after trial has commenced; and each of the parties now contends that, upon the authority of that rule, it is entitled to a decision of this case in its favor. However, in view of the grounds upon which our decision herein will rest, we shall not quote the provisions of that rule nor discuss its general applicability.
As indicated above, this is a proceeding in which the relator seeks a writ of prohibition to prevent the superior court and the judge thereof from entering an order which it is alleged and conceded the court is about to enter, in the progress of a cause pending before it. Under that situation, the primary and controlling question in this case is whether the superior court was acting within its jurisdiction, and not in excess thereof, when it invited the plaintiff in the cause pending before it to interpose a motion for a voluntary nonsuit, and indicated that it would grant such a motion, at a time when the plaintiff had rested his case and the defendant had challenged the sufficiency of the plaintiff's evidence and moved for a dismissal of the action. We emphasize the fact, which should ever be kept in mind, that the question here to be considered is not whether the superior court committed, or was about to commit, error of law, but whether the court had jurisdictional *Page 838 
power to invite, entertain, or grant a motion for voluntary nonsuit at the particular stage of the proceeding.
[1] The writ of prohibition is commonly defined, substantially, as a writ to prevent a tribunal possessing judicial or quasi-judicial powers from exercising jurisdiction over matters not within its cognizance, or from exceeding its jurisdiction in matters of which it has cognizance. Ballentine, Law Dictionary, 1030; 42 Am. Jur. 139, Prohibition, § 2. The statutes of this state defining prohibition and prescribing when and by whom the writ may be issued read as follows:
"The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excessof the jurisdiction of such tribunal, corporation, board orperson." (Italics ours.) Rem. Rev. Stat., § 1027 [P.P.C. § 17-1].
"It may be issued by any court, except police or justices' courts, to an inferior tribunal, or to a corporation, board or person, in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law. It is issued upon affidavit, on the application of the person beneficially interested." Rem. Rev. Stat., § 1028 [P.P.C. § 17-3].
[2] In numerous cases, this court has not only described the function of the writ of prohibition, but has also specifically prescribed the factors necessary to the issuance thereof. We have repeatedly stated that the writ of prohibition is available only where the court which is sought to be prohibited from further proceedings is acting without or in excess of its jurisdiction, and then only in cases where there is no adequate remedy by appeal. State ex rel. Meyer v. Clifford, 78 Wn. 555,139 P. 650; State ex rel. Potter v. Superior Court, 135 Wn. 344,237 P. 717; State ex rel. Ernst v. Superior Court, 198 Wn. 133,87 P.2d 294; State ex rel. Heyes v. Superior Court, 12 Wn.2d 430, 121 P.2d 960; State ex rel. Western CanadianGreyhound Lines v. Superior Court, 26 Wn.2d 740,175 P.2d 640.
[3] We have also frequently declared that the writ of prohibition will not issue to prevent the commission of *Page 839 
mere error, nor to take the place of an appeal, nor to perform the office of a writ of review for the correction of error.State ex rel. Lewis v. Hogg, 22 Wn. 646, 62 P. 143; Stateex rel. Griffith v. Superior Court, 71 Wn. 386, 128 P. 644;State ex rel. Prentice v. Superior Court, 86 Wn. 90,149 P. 321; State ex rel. Bellingham v. Abrahamson, 98 Wn. 370,168 P. 3; State ex rel. McGlothern v. Superior Court, 112 Wn. 501,192 P. 937; State ex rel. Walker v. Superior Court,148 Wn. 610, 270 P. 126; State ex rel. Nelms v. Superior Court,149 Wn. 50, 270 P. 128; State ex rel. O'Brien v. PoliceCourt, 14 Wn.2d 340, 128 P.2d 332, 141 A.L.R. 1257; Stateex rel. Cheson v. Superior Court, 22 Wn.2d 947,157 P.2d 991.
In view of the declared function of the writ of prohibition and the factors essential to its issuance, as above explained, the inquiry here resolves itself into the question whether the superior court, in this instance, had jurisdiction to invite, consider, and pass upon the motion for voluntary nonsuit.
[4] By "jurisdiction," in the broad sense, is meant the power to hear and determine a controversy, regardless of whether the ruling made in the particular case is correct or incorrect.State ex rel. Griffith v. Superior Court, supra; State ex rel.McGlothern v. Superior Court, supra; Blanchard v. Golden AgeBrewing Co., 188 Wn. 396, 63 P.2d 397; In re Rabie'sEstate, 199 Wn. 207, 90 P.2d 1011; In re Brown's Estate,7 Wn.2d 717, 110 P.2d 867; State v. Hampson, 9 Wn.2d 278, 114 P.2d 992.
[5] In order to acquire complete jurisdiction, so as to be authorized to hear and determine a cause or proceeding, the court necessarily must have jurisdiction of the parties thereto and of the subject matter involved. For a list of cases supporting this statement, see 23 Words Phrases (Perm. ed.) 396, et seq., as supplemented by 1948 Cumulative Annual Pocket Part, p. 131, etseq.
In Tucker v. Brown, 20 Wn.2d 740, 150 P.2d 604, we summarized the matter thus: *Page 840 
"Jurisdiction of a court is said to depend upon various things — for instance, upon proper service of process as provided by statute, and that the subject matter be one upon which the court is given authority by the constitution or has implied power to exercise judicial authority. Jurisdiction does not depend upon whether a judgment is correct or not, but rather upon the question of whether the court has the power to hear and determine the subject matter in controversy."
Jurisdiction of the subject matter means not only authority in the court to hear and determine the class of actions in which the particular action is comprised, but also authority to hear and determine the particular question which it assumes to determine; hence the essential elements of jurisdiction are said to be three: (1) the court must have cognizance of the class of cases to which the one to be adjudged belongs; (2) the proper parties must be present; and (3) the point decided must be, in substance and effect, within the issues before the court. Alberta Lbr. Co.v. Pioneer Lbr. Co., 138 Wn. 132, 244 P. 250; Reynolds v.Stockton, 140 U.S. 254, 35 L.Ed. 464, 11 S.Ct. 773; 21 C.J.S. 43, Courts, § 35.
[6] In our opinion, there can be no doubt that the essential elements of jurisdiction were present in the case before the superior court. That court had cognizance of the action, which was one for the recovery of money; the proper parties were before the court by their voluntary appearance and participation in the trial; and the matter of granting or denying a voluntary nonsuit is not only a question upon which the superior court is by statute authorized to rule, but also is a point which, in substance and effect, is within the issues of an action brought and tried in that court. The trial court in this case thus had jurisdiction over the subject matter involved in the motion and over the parties concerned.
The essential requirements being satisfied, the superior court had jurisdiction to make an order in the premises, regardless of whether or not it made a correct order; and in making such order, whether correct or erroneous, it cannot be said to have acted either without jurisdiction or *Page 841 
in excess of its jurisdiction. Hence a writ of prohibition is not the appropriate remedy.
In State ex rel. Griffith v. Superior Court, 71 Wn. 386,128 P. 644, cited above, an original application was made in this court for a writ of prohibition to prevent the superior court from enforcing or attempting to enforce an order it had previously made. In refusing to issue such writ, we said:
"The court had jurisdiction over the subject-matter of the order, and over the parties, and hence jurisdiction to make an order in the premises. Whether or not it made a correct order, does not affect its jurisdiction. The error, therefore, if error was committed, was one made in the exercise of competent jurisdiction, and not one made without jurisdiction, and is not subject to correction by a writ of prohibition."
Relator cites and relies upon the case of State ex rel.Western Stevedore Co. v. Jones, 145 Wn. 258, 259 P. 718, to support its contention that prohibition is the proper remedy and is available upon the facts here involved.
It appears from the opinion in the cited case that, at the conclusion of the plaintiff's evidence, the defendant interposed a motion challenging the sufficiency of that evidence and asking for a judgment in its favor. There was no motion by the plaintiff for a voluntary nonsuit. The trial court made a ruling sustaining the defendant's challenge, and thereupon discharged the jury from further consideration of the case. After plaintiff's subsequent motion for a new trial had been denied, the defendant presented a proposed judgment of dismissal upon the merits. On plaintiff's objection, the court denied the defendant's request for such judgment and announced that it would grant the plaintiff's request for a judgment of dismissal without prejudice, "as of a voluntary nonsuit." The defendant thereupon applied to this court for a writ of mandamus to compel the trial court to enter a dismissal of the action on the merits. The application was granted, and the writ issued from this court, upon the ground and for the expressed reason that, after the trial court had sustained the defendant's challenge to the sufficiency of the evidence, it *Page 842 
could not, at the conclusion of its ruling, grant a voluntary nonsuit.
[7] We do not think the decision in that case is controlling of the situation presented here. That case arose out of an application for a writ of mandamus; the present case arose out of an application for a writ of prohibition. There is a marked distinction between the two kinds of writ. Mandamus operates in a situation where the tribunal to which the writ is directed has jurisdiction to do the thing ordered to be done, even though that tribunal is at the same time also about to act in excess of its jurisdiction; whereas prohibition operates only where the tribunal to which the writ is directed is about to act without or in excess of its jurisdiction.
[8] While it is true that mandamus will not ordinarily issue to direct the action of an "inferior tribunal" (as that term is used in Rem. Rev. Stat., § 1014 [P.P.C. § 16-3]), in matters generally within the discretionary power of that tribunal, nevertheless the writ will issue where such inferior tribunal is about to enter an order that is erroneous in point of law, under the undisputed facts. As stated in 35 Am. Jur. 31, Mandamus, § 259:
"Thus, the lower court or judge may be compelled to act in a particular way when the facts are not in dispute and the court has come to a wrong conclusion of law therefrom, or disregarded a duty expressly enjoined by the law under the undisputed facts."
The decision in Western Stevedore Co. v. Jones, supra, falls within the scope of this rule.
In an application for a writ of prohibition, however, an essential element to the issuance of the writ is that the court to which the writ is directed is acting without or in excess of its jurisdiction. As stated above, the writ of prohibition will not issue merely to prevent the commission of error or for the correction of error committed.
[9] Turning, next, to the question of the existence or absence of an adequate remedy, which is the factor contemplated in Rem. Rev. Stat., § 1028, quoted above, we are of the opinion that the relator in this instance has an adequate *Page 843 
remedy by appeal. If the trial court should enter either an order granting the motion for voluntary nonsuit or an order denying relator's motion for dismissal of the action, or both of such orders, relator can by appeal have those orders reviewed upon the record as then brought before us. In fact, we believe that such course of procedure affords not only a plain, speedy, and adequate remedy, but also the fitting and proper one.
[10] The only point yet remaining to be considered and disposed of is that respondent filed no return to the order to show cause, but merely demurred to the application for the writ.
In the recent case of State ex rel. Western Canadian GreyhoundLines v. Superior Court, 26 Wn.2d 740, 175 P.2d 640, citedsupra, we held that, under Rule of Supreme Court 30, 18 Wn.2d 27
-a, where an application for an original writ is filed and an order to show cause is issued thereon, the tribunal or person to whom the show cause order is directed must show any and all causes he or it may have why the writ should not issue, inasmuch as the rule does not contemplate that the hearing on the application may be presented piecemeal. In that case, as in this one, the respondent court filed a demurrer to the application, but made no other return in answer to the order to show cause.
However, in the cited case, this court stated that, under the situation as there disclosed, it had all the facts which were, or could have been, presented in connection with the question relating to the ruling of the trial court. Upon that basis, this court not only ruled upon the demurrer, but also disposed of the application for the writ on its merits.
We have a parallel situation in the instant case. The affidavit in support of the application for the writ of prohibition recited all the facts which were, or could be, presented in connection with the question whether the trial court was acting within its jurisdiction in passing on the motion for voluntary nonsuit. Respondent, by its demurrer, elected to concede those facts to be true for the purposes of this case, and we have so accepted them. Upon that *Page 844 
basis, our decision herein disposes of all matters in connection with the application for the writ of prohibition.
The application for the writ is denied.
MALLERY, C.J., BEALS, JEFFERS, and HILL, JJ., concur.