984

[No. 41816.    Department One.    March 11, 1971.]

THE STATE OF WASHINGTON, *Petitioner,* v. ROY HULL *et al.,*
*Respondents.**

*Christopher T. Bayley, Byron Ward,* and *Marco J. Magnano, Jr.,* for petitioner.

*Robert S. Egger* and *Ronald Neubauer,* for respondents.

FINLEY, J.—Petitioner State of Washington seeks a writ of prohibition to restrain the Honorable James Mifflin, King County Superior Court Judge, from preventing one Elmer Nelson from testifying in King County Superior Court cause No. 55050 entitled "State of Washington, Plaintiff, v. Roy

*Reported in 481 P.2d 902.

Hull, Defendant." As grounds for issuance of the writ, petitioner alleges that the aforementioned superior court judge has acted in excess of his jurisdiction and that petitioner has no plain, speedy, and adequate remedy at law. *See* RCW 7.16.290-.300; *In re Estate of Blomeen,* 63 Wn.2d 107, 385 P.2d 540 (1963); *State ex rel. Meyer v. Clifford,* 78 Wash. 555, 139 P. 650 (1914); *State ex rel. Griffith v. Superior Court,* 71 Wash. 386, 128 P. 644 (1912); Feigenbaum, *Interlocutory Appellate Review Via Extraordinary Writ,* 36 Wash. L. Rev. 1 (1961).

The occurrences leading to the instant petition are well summarized in the findings of fact of the trial judge in the proceedings below which resulted in quashing a material witness warrant as to Elmer Nelson, and which further purported to relieve Nelson of his duty to testify in the above-captioned action. In pertinent part the findings read:

## II.

Elmer Nelson has heretofore appeared and testified before a Federal Grand Jury in relation to the police payoff system in the City of Seattle, Washington.

## III.

Elmer Nelson testified before a petite jury in the case of United States of America vs. M. E. Cook.

## IV.

As a result of Elmer Nelson's testimony there was a great deal of publicity through the Mass Media in the Seattle Area which subjected Elmer Nelson and his two teenage daughters, ages 14 and 16 to certain harassments. That as a result of the publicity, *Mr. Nelson refused to cooperate with members of the Seattle Police Department internal investigation unit, until after he, Mr. Nelson, was promised by the Seattle Police Department that he would not have to testify in court if he cooperated with them,* and further being assured by his attorney, Robert S. Egger, that he could rely on the word of the Seattle Police Department. Following these assurances Elmer Nelson did cooperate and give certain statements to the police and the State of Washington now insists that Elmer Nelson should testify in Court concerning matters given to the police in his statements.

## V.

*Elmer Nelson does not want to testify in reliance on promises heretofore made to him as set forth herein, and will do so only if compelled by the Court.*

(Italics ours.)

When Nelson's hesitance to testify in the pending action became apparent, the prosecuting attorney's office obtained a material witness warrant. Nelson was arrested and was taken before the respondent, Judge Mifflin, who, following argument by counsel for both parties, entered an order reading, in part, as follows:

it is therefore,

ORDERED, ADJUDGED and DECREED that the material witness warrant heretofore issued for Elmer Nelson be and hereby is quashed; it is further

ORDERED that Elmer Nelson is relieved of his duty to testify in Court concerning matters he has heretofore been promised by the Police Department that he would not have to testify to; . . .

Thereupon, the state petitioned this court for the writ of prohibition as indicated hereinbefore. Pursuant to ROA I-57, this court entered an order staying further proceedings pending a determination on the merits.

Petitioner State of Washington contends that respondent judge, in relieving Nelson of his duty to testify, (1) acted in excess of his constitutional and statutory jurisdiction; (2) decided an issue not properly before him; and (3) improvidently enforced an act or promise by the Seattle Police Department which was without legal force and effect and was void ab initio. In essence, the determinative issue presented by the instant petition is: Whether a promise given by municipal police officials that communications by a certain citizen to said officials (i) will be confidential and for exclusive use in an internal police department investigation, and (ii) will, if given, thereby relieve that citizen of his duty to testify as to such communication in court, is a valid, legally recognizable and enforceable promise. We hold that it is not.

■ Perhaps it is worthy of comment in passing that

the duty of citizens—when properly called upon—to testify as to matters within their knowledge in the course of court proceedings is a duty of paramount and fundamental importance within the framework of Anglo-American jurisprudence. This basic duty is qualified or conditioned only where there are countervailing considerations of greater import involving, for example, reliability or privilege. *See* RCW 5.60.050; U.S. Const. amend. 5 and Const. art. 1, § 9 (privilege against self-incrimination); RCW 5.60.060 and RCW 10.52.020 (husband-wife, attorney-client, physician-patient, clergy-communicant, and official public confidence privileges).

■ Even the privilege against self-incrimination is not an absolute bar against the duty to testify. A witness may be compelled to divulge incriminating testimony when he is concurrently granted protection from all prosecution for crimes to which his compelled testimony relates. *Counselman v. Hitchcock*, 142 U.S. 547, 35 L. Ed. 1110, 12 S. Ct. 195 (1892). Without commenting at length, upon the adequacy of such immunity when granted (*see* Annot., 118 A.L.R. 613 (1939), and Annot., 53 A.L.R.2d 1030 (1957)), it is sufficient, in the instant case, to note that where an immunity provision, no greater in breadth than the constitutional privilege against self-incrimination, appears in the constitution, rather than in a statute, American courts have uniformly found it to afford adequate protection. *See* Annot., 53 A.L.R.2d 1030, 1048 (1957). Article 2, section 30 of our constitution provides, in part:

> *Any person may be compelled to testify in any* lawful investigation or *judicial proceeding against any person* who may be *charged with having committed the offense of bribery* or corrupt solicitation, or practice of solicitation, and shall not be permitted to withhold his testimony on the ground that it may criminate himself or subject him to public infamy, but such testimony shall not afterwards be used against him in any judicial proceeding— except for perjury in giving such testimony—  . . .

(Italics ours.)

It is therefore evident that, in this state, a witness may be compelled to testify against persons accused of hav-

ing committed the offense of bribery; and, the constitutional immunity granted by the above-stated section affords coextensive—and, therefore, adequate—protection for relinquishment of the witnesses' privilege against self-incrimination.[1] It may also be noted that adequacy of such immunity need not protect the witness from possible ramifications, involving even personal disgrace, infamy or opprobrium, which may result from the giving of the compelled testimony. *See* Annot., 53 A.L.R.2d 1030, 1032, 1044-45 (1957).

■ A second jurisprudential concept is of equal significance to the orderly functioning of our adversary system; *i.e.*, that, within prescribed procedural limitations and absent fraud or deception, adverse parties to litigation have the right to determine and manage its course and direction. This right clearly encompasses the right of the litigating parties to determine the witnesses to be called and interrogated in trial proceedings, subject, of course, to traditional and recognized exceptions, which need not be mentioned.

At this juncture it should be noted—albeit obviously— that in this state the office of prosecuting attorney is assigned the duty of representing the interests of the state in prescribed criminal actions—including that action encompassed in King County Superior Court cause No. 55050. *See* Const. art. 11, § 5; RCW 36.27.020. It is obvious that this duty includes the right of the prosecuting attorney to manage the course and direction of litigation in the public interest—

---

[1]To prevent possible confusion upon remand of the instant case, it should be stated that the charge involved in this action does, in fact, involve the "offense of bribery" for purposes of applying Const. art. 2, § 30. Defendant Hull is charged with violating RCW 9.18.020—Asking or receiving a bribe. It is true that the giving or offering of a bribe and the soliciting or receiving of a bribe are two distinct statutory crimes. *State v. Wappenstein*, 67 Wash. 502, 121 P. 989 (1912). However, this separate characterization by the legislature for purposes of criminal administration does not derogate from the intended breadth of the constitutional mandate. Const. art. 2, § 30 is clearly intended to encompass all offenses involving bribery without regard to the identity of the person initiating the bribe. In this regard, it is instructive to note that at common law, bribery was defined as *both the unlawful giving and the unlawful receiving* of anything of value in corrupt payment for an official act done or to be done. *State v. Womack*, 4 Wash. 19, 25, 29 P. 939 (1892).

including the right to determine the witnesses to be called and utilized by the prosecution.

It is axiomatic that this constitutional and statutorily prescribed duty *may not be delegated to or performed by others—persons unqualified to discharge it. See* RCW 36 .27.030. In this regard it seems obvious no exception should be made as to municipal police officers. Certainly they would not be "qualified person[s] to discharge the duties of [the prosecuting attorney]." RCW 36.27.030.

If we were to hold otherwise—that municipal police officers may grant witnesses immunity from the duty to testify in the course of court proceedings—we would inescapably, in certain instances, be granting such officers the right to direct and manage the course and outcome of such court proceedings. This court should not sanction such an unlawful delegation of prosecutorial duties. Indeed, the effect of such a holding would be to grant police an arbitrary power to pick-and-choose those favored—or unfavored —citizens upon whom the immunity from testifying would be bestowed or withheld. It is an understatement of classic magnitude to observe that such a result would be anomalous and should not be judicially countenanced.

Clearly, one cannot grant or promise that which he has no power or authority to give. Absent constitutional or statutory prescription, municipal police officers have no power to grant witnesses immunity from testifying in the course of court proceedings; and such promises, if given, are totally without legal recognition or effect. Rather, such promises are void ab initio and are unenforceable.

The respondent acted in excess of his jurisdiction. Petitioner has demonstrated its lack of a plain, adequate and speedy remedy at law. Therefore, the requested writ of prohibition must be granted. The above-named respondent superior court judge should desist and refrain from preventing Elmer Nelson from testifying in the above-indicated cause. Additionally, this court's order staying further proceedings should be dissolved. It is so ordered.

All Concur.

May 7, 1971. Petition for rehearing denied.