## In re HOUSE OF REPRESENTATIVES (SPECIAL PROSECUTOR).

### No. 89–486–M.P.

Supreme Court of Rhode Island.

May 3, 1990.

Bradford Gorham, House of Representatives, Providence, for plaintiff.

James E. O'Neil, Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., Peter Palombo, Jr., Cranston, B. Mitchell Simpson, Newport, Ralph E. Iannitelli, Lauren Jones, Providence, for defendant.

To the Honorable,

the House of Representatives

of the State of Rhode Island

and Providence Plantations:

We have received from Your Honors a resolution requesting, in accordance with the provisions of section 3 of article X of the Rhode Island Constitution, our written opinion on the validity of proposed legislation relating to the appointment of special prosecutors. The members of this court have been asked to determine whether House of Representatives Bill 89–H–7433 Substitute A, which was introduced during the 1989 session of the General Assembly, violates various provisions of the Rhode Island Constitution.[1]

Bill 89–H–7433 Substitute A (hereafter referred to as the proposed legislation), if enacted, would amend title 12 of General Laws 1956 (1981 Reenactment) and would

---

1. The question posited reads:

    "Is the proposed amendment [89–H–7433 Substitute A] violative of the provisions of Article 9, section 12, Powers and Duties of Secretary, Attorney–General, and General Treasurer; Article 5, of the Distribution of Powers; Article 10, section 1, Power Vested in Court or Article 10, section 2, Jurisdiction of Supreme and Inferior Courts—Quorum of Supreme Court or of sections 42–9–1 to 42–9–16, inclusive, of Chapter 42–9 of the General Laws of the State of Rhode Island, 1956, as amended[?]"

create a procedure for appointment of a "special prosecutor" to investigate and prosecute any crime involving certain public officials.[2] First, the Attorney General would be required to conduct a preliminary investigation upon receiving "specific information" that any such official has, or may have, committed a crime other than a petty misdemeanor. Section 12–30–1.[3] In the event that the "specific information" related to the Attorney General or to any assistant attorney general, the superintendent of the State Police, acting under the direction of the Governor, would then conduct the preliminary investigation. Section 12–30–1.

Any preliminary investigation conducted pursuant to the statute is not to exceed ninety days. Section 12–30–2. If the investigator determines that the matter is so unsubstantiated that no further investigation or prosecution is warranted, he or she is required to notify the Chief Justice. Such a conclusion will obviate the need for appointment of a special prosecutor. Section 12–30–2(b).

On the other hand, if the investigator determines that the matter warrants further investigation or prosecution, or if ninety days elapse without a determination, the investigator is required to apply to the Chief Justice for the appointment of a special prosecutor. In cases investigated by the Attorney General, if the Attorney General determines that further investigation or prosecution can be undertaken by the Attorney General's department and so notifies the Chief Justice, then in that event the Chief Justice has no authority to appoint a special prosecutor. Section 12–30–2(c)(2).

The proposed legislation provides that the Chief Justice, upon receipt of an application, shall appoint a special prosecutor from among the members of the Rhode Island bar and shall define the limits of the prosecutor's jurisdiction. Section 12–30–3. Once appointed, a special prosecutor would have "the full power and independent authority to exercise all investigative and prosecutorial functions of the department of the attorney general." Section 12–30–4(a).

Before termination of an appointment the designated prosecutor is required to submit a report to the Chief Justice that fully and completely describes the endeavors undertaken by the special prosecutor. Section 12–30–5(2). The Chief Justice is authorized to release to the General Assembly, the public, or to any individual such portions of the report as the Chief Justice may deem appropriate. Section 12–30–5(3).

On receipt of Your Honors' request, we invited the submission of amicus curiae briefs on the question proposed. Briefs were filed in support of both affirmative and negative responses to the question on behalf of the following amici curiae: the sponsor of the legislation, the Governor, the Attorney General, and the Rhode Island Bar Association.

■ The fundamental principle we must keep in mind in deciding the question of constitutionality of legislation is that "the question is purely one of legislative *power* and not at all one of *sound policy*." *Gorham v. Robinson*, 57 R.I. 1, 7, 186 A. 832, 837 (1936). "It is a firmly established principle of constitutional law that questions of the wisdom, policy or expediency of a statute are for the legislature alone." *Creditors' Service Corp. v. Cummings*, 57 R.I. 291, 298–99, 190 A. 2, 8 (1937).

■ The special-prosecutor legislation is modeled in great part upon the independent counsel provisions of the Ethics in Government Act of 1978, codified as 28 U.S.C.A. §§ 49, 591 through 599 (West Supp.). This

---

**2.** The officials who are subject to the act include (1) the Governor, Lieutenant Governor, Secretary of State, and General Treasurer; (2) the Attorney General and any assistant attorney general; (3) persons serving as directors of departments within the executive branch as designated in G.L.1956 (1988 Reenactment) § 42–6–2; and (4) any individual working in a department

enumerated in § 42–6–1 who is in the unclassified service and compensated at an annual rate of basic pay not less than $40,000. Section 12–30–1(b).

**3.** References to the sections of the proposed legislation correspond to the sections as designated by the House of Representatives in its bill.

statute provides in certain circumstances for the appointment of a panel of Federal judges who are authorized to appoint an independent counsel to investigate and, if necessary, prosecute high-ranking Federal officials. Recently the United States Supreme Court held that the appointment of an independent counsel pursuant to title VI did not violate the doctrine of separation of powers. *Morrison v. Olson*, 487 U.S. 654, 108 S.Ct. 2597, 101 L.Ed.2d 569 (1988).

We believe, however, that there is a critical distinction between the Federal legislation considered in *Morrison* and the proposed legislation now before us. The Federal legislation vests the appointment power in a panel of three judges. The panel is described as the Special Division and is considered a division of the United States Court of Appeals for the District of Columbia. It cons'sts of three justices of the United States Court of Appeals appointed by the Chief Justice of the United States. One of the appointees must be a member of the United States Court of Appeals for the District of Columbia, and none of the appointees may be from the same Court of Appeals. 28 U.S.C.A. § 49 (West Supp.).

The Federal legislation confers the following powers on the Special Division: the power to appoint an independent counsel, the power to define his or her jurisdiction, and the power to terminate his or her office. Although the special division has been given much of the same authority that our Chief Justice is given under the proposed legislation, the special division has no power to review the actions of the independent counsel. In *Morrison* the Supreme Court concluded that the powers granted by the Federal legislation were "essentially ministerial" and did not authorize the Special Division to "supervise" the independent counsel in the exercise of his or her investigative or prosecutorial authority. 487 U.S. at 681, 108 S.Ct. at 2613, 101 L.Ed.2d at 599.

Furthermore, Congress specifically precluded any member of the Special Division *from participating in any judicial proceeding* involving an independent counsel who was appointed during that justice's tenure

on the Special Division. 28 U.S.C.A. § 49(f); *See Morrison*, 487 U.S. at 684, 108 S.Ct. at 2615, 101 L.Ed.2d at 601. The Supreme Court reasoned:

"We think both the special court and its judges are sufficiently isolated by these statutory provisions from the review of the activities of the independent counsel so as to avoid any taint of the independence of the judiciary such as would render the Act invalid under Article III." *Id.* at 684, 108 S.Ct. at 2615, 101 L.Ed.2d at 601.

The principle of separation of powers is also mandated by Rhode Island's Constitution. Article V provides, "The powers of the government shall be distributed into three departments: the legislative, executive and judicial." Article X, section 1, states, "The judicial power of this state shall be vested in one supreme court, and in such inferior courts as the general assembly may, from time to time, ordain and establish." When enacting legislation governing criminal proceedings, "the General Assembly may not overstep the bounds of its authority to 'subvert the power of the judiciary.'" *Advisory Opinion to the Governor*, 437 A.2d 542, 543 (R.I.1981) (quoting *Creditors' Service Corp. v. Cummings*, 57 R.I. 291, 300, 190 A. 2, 8 (1937)).

We believe that the restraints present in the Federal legislation at issue in *Morrison*, which preserve the independence of the judiciary, are lacking in the legislative scheme fashioned by the General Assembly.

There is no provision in 89–H–7433 Substitute A that disqualifies the Chief Justice from reviewing actions of the special prosecutor. This court, the only constitutionally established court in this state, is solely responsible for reviewing felony prosecutions tried in the Superior Court. As a result the Chief Justice will be in a position to rule on any appeals brought by the special prosecutors he has appointed. Although the Chief Justice could recuse himself from participation in appeals involving special prosecutors, the proposed legislation does not require the Chief Justice to do so. This potential for the Chief Justice to

serve in dual capacities clearly brings into question the impartiality of the judiciary. We believe the proposed legislation "impermissibly threatens the institutional integrity of the Judicial Branch." *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 851, 106 S.Ct. 3245, 3257, 92 L.Ed.2d 675, 693 (1986).

We emphasize that the authority vested in the Chief Justice pursuant to the proposed legislation is not restricted to the appointment of a special prosecutor. The Chief Justice's responsibilities would include appointing a special prosecutor and defining the special prosecutor's jurisdiction; receiving and, if the Chief Justice deems it appropriate, releasing to the public a final report from the special prosecutor; removal of the special prosecutor for cause; and termination of the office of the special prosecutor upon completion of the assigned duties.

The proposed legislation not only compromises the independence of the judiciary but also transfers nonjudicial powers to the judicial branch. The proposed legislation imposes administrative duties on the Chief Justice that include the appointment and supervision of a special prosecutor. It is our belief that the Chief Justice's participation in this process effectively eliminates the Chief Justice from participating in appeals involving a special prosecutor. The Chief Justice is instead compelled to serve solely in an administrative capacity. The Chief Justice's exercise of judicial power can be frustrated by the legislative imposition of these administrative tasks.

This court is of the opinion that the proposed legislation encroaches upon the independence of the judiciary and unconstitutionally interferes with the inherent powers of the Chief Justice of this court. We subscribe to the sentiments Chief Justice Ames expressed over a century ago in *G & D Taylor & Co. v. Place*, 4 R.I. 324, 343 (1856), when he noted, "An independent, responsible judiciary is the only safeguard of our property, lives, and liberties." Consequently we believe that the proposed legislation violates article V and article X, section 1, of the Rhode Island Constitution.

We now turn our attention to the question of whether the proposed legislation also violates article IX, section 12, of the Rhode Island Constitution. Article IX, section 12, provides, "The duties and powers of the secretary, attorney-general and general treasurer shall be the same under this Constitution as are now established, or as from time to time may be prescribed by law."

As a constitutional officer, the individual who holds the office of Attorney General in this state is in a unique position independent from the other branches of government. In Rhode Island the Attorney General is an elected official, who is different from attorneys general in many other states and the Federal government wherein the attorney general is appointed by the chief executive officer. There have been instances in which other jurisdictions have invalidated the appointment of a special prosecutor on the basis of the constitutional status of the attorney general. In *Murphy v. Yates*, 276 Md. 475, 494, 348 A.2d 837, 847 (1975), the court concluded that "the General Assembly may not abrogate the common law powers of the Attorney General of Maryland * * * having been constitutionally stated as those 'prescribed by law.'" The court also reasoned, "If an office is created by the Constitution * * * the position can neither be abolished by statute nor reduced to impotence by the transfer of duties characteristic of the office to another office created by the legislature." *Id.* at 492, 348 A.2d at 846. *See also Gust K. Newberg, Inc. v. Illinois State Toll Highway Authority*, 98 Ill.2d 58, 74 Ill.Dec. 548, 456 N.E.2d 50 (1983).

The core function of the constitutionally established office of Attorney General is the power and discretion to prosecute crimes. This court has held that the essential duty of the Attorney General is that of "public prosecutor." *Suitor v. Nugent*, 98 R.I. 56, 58, 199 A.2d 722, 723 (1964). A key aspect of the Attorney General's role as public prosecutor is the element of discretion. "It is well settled in this state that the Attorney General is the only state official vested with prosecutorial discretion."

*State v. Rollins,* 116 R.I. 528, 533, 359 A.2d 315, 318 (1976).

The proposed legislation transfers full prosecutorial authority to a special prosecutor appointed by a member of the judicial branch of government. It is our opinion that this transfer of power to the special prosecutor severely infringes upon the fundamental powers of the Attorney General. Accordingly, we find that the proposed legislation violates article IX, section 12, of the Rhode Island Constitution. In light of our conclusions relating to the constitutionality of the proposed legislation, we find it unnecessary to address the question of whether the proposed act violates G.L.1956 (1988 Reenactment) §§ 42-9-1 to 42-9-16.

For the reasons stated, we answer the question addressed to us by the House of Representatives in the affirmative.

s/Thomas F. Fay
  Chief Justice Thomas F. Fay
s/Thomas F. Kelleher
  Associate Justice Thomas F. Kelleher
s/Joseph R. Weisberger
  Associate Justice Joseph R. Weisberger
s/Florence K. Murray
  Associate Justice Florence K. Murray
s/Donald F. Shea
  Associate Justice Donald F. Shea