[No. 30214-1-I.   Division One.   September 12, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. SEAN D. REED, *Appellant.*

*Kathleen Anne Barry* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

BAKER, J. — Sean Reed appeals from his conviction on three counts of delivery of a controlled substance. He contends the trial court erred in failing to apply principles of contract law to specifically enforce his confidential informant agreement with narcotics detectives. Because the prosecuting attorney was not a party to the agreement, we hold that the agreement cannot be specifically enforced against the prosecutor.

Reed was arrested after making several drug sales to Snohomish County narcotics detectives (police). He entered into a written agreement with the police whereby the police agreed to "drop charges" on some drug sales in return for his assistance in making narcotics arrests. The police promise referenced certain investigative case numbers typed onto a preprinted form which is commonly used in Snohomish County. The Snohomish County prosecutor was not a party to the agreement.

Reed helped set up a drug transaction intended to lead to an arrest of one or more suspects. The bust operation did not proceed as planned and the reasons for its failure are disputed. Reed contends the police botched the operation. The trial court declined to resolve these factual issues. Reed did not set up any further drug transactions, claiming he could no longer perform under the agreement out of concern for his safety. He claimed that his confidentiality was compromised when a detective made a telephone call to one of the suspects in the failed drug bust. The trial court found it was unnecessary to determine whether such a call was made. Reed also alleged that a detective testified in open court that Reed was an informant. The court found that the detective made no such statement.

After hearing evidence and argument on Reed's motion for specific performance of the agreement, the trial court expressed its concern that the parties were not addressing the necessary issues. The court questioned whether contract principles should be applied and whether the police could make an agreement which was binding on the prosecutor. Ultimately the trial court refused to directly apply contract

principles and decided Reed's motion based on two theories: (1) detrimental reliance, and (2) governmental misconduct under CrR 8.3(b). The court ruled:

> 1) If the doctrine of detrimental reliance is applied to these facts, specific performance may be granted only if the defendant shows that he relied on the agreement in such a way that a fair trial is no longer possible.
>
> 2) The court concludes that defendant has failed to make this showing. The court also concludes that there is nothing that would preclude defendant from having a fair trial on these charges. Therefore the court concludes that if the doctrine of detrimental reliance is applied to these facts defendant would not be entitled to specific performance.
>
> 3) The court has been urged to apply contract principles to these facts. Since this is a criminal matter, the court concludes that a contract analysis really amounts to a question of whether some or all of the current charges should be dismissed under CrR 8.3(b).

The trial court further found that the failed bust operation and the alleged breaches of Reed's confidentiality did not amount to arbitrary action or government misconduct under CrR 8.3(b).

Reed assigns error to the trial court's decision to limit its analysis to the issues of Reed's detrimental reliance and governmental misconduct under CrR 8.3(b). We are asked to specifically enforce Reed's confidential informant agreement as a normal contract.

We initially observe that principles of ordinary contract law may apply, at least by analogy, to similar agreements entered into by a defendant directly with the prosecuting attorney. A defendant who enters into a plea bargain has a right, analogous to a contract right, to require the prosecutor to adhere to the terms of the agreement. *In re Palodichuk*, 22 Wn. App. 107, 110-11, 589 P.2d 269 (1978). However, we do not believe the panoply of contract law can be appropriately transported, in toto, into criminal law. Contract law doctrines such as severability, impracticability and quantum meruit, all relied on by Reed, would apply to valid agreements between a defendant and the prosecuting attorney only by analogy, if they have any application at all.

However, the prosecuting attorney was not a party to the agreement in this case. We hold that the promise by police to "drop charges" exceeded their authority and that, without the involvement of the county prosecutor, such an agreement cannot be enforced as a contract.[1]

■ The police have no authority to make prosecutorial decisions. The county prosecutor is charged with prosecution of all criminal actions in which the state is a party. RCW 36.27.020(4). The decision whether to file criminal charges is within the prosecutor's discretion. *State v. Judge*, 100 Wn.2d 706, 713, 675 P.2d 219 (1984) (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 365, 54 L. Ed. 2d 604, 98 S. Ct. 663, *reh'g denied*, 435 U.S. 918 (1978)). The prosecutor may make enforceable agreements to reduce or dismiss charges, *see State v. Sonneland*, 80 Wn.2d 343, 494 P.2d 469 (1972), but because the police did not first obtain the approval or consent of the prosecutor, they had no authority to enter into an enforceable agreement not to prosecute Reed. *State v. Hull*, 78 Wn.2d 984, 989, 481 P.2d 902 (1971) (a police promise that a cooperative witness would not have to testify was held unenforceable because the police had no authority to grant such immunity).[2]

The record is sufficient to establish that Snohomish County prosecutors usually follow charging recommendations made by police pursuant to an agreement between the police and a confidential informant. However, this practice does not convert the police into agents having the power to legally bind the prosecutor to such agreements.[3]

---

[1]Even if we were to apply principles of contract law by analogy to this agreement, Reed would still not be entitled to relief. The agreement provides "[i]f Confidential Informant is unable to fulfill any part of his/her obligation . . . then any obligation of Snohomish County Sheriff's Office Narcotics Unit will be null and void [.]"

[2]Other courts have refused to enforce similar agreements on the grounds that police have no authority to make agreements which bind the prosecutor. *See Winkles v. State*, 40 Md. App. 616, 620-21, 392 A.2d 1173, 1175-76 (1978); *People v. Gallego*, 430 Mich. 443, 452-54, 424 N.W.2d 470, 473-76 (1988).

[3]It is doubtful whether the prosecutor could legally delegate any such power to a nonlawyer. The county prosecuting attorney must be an attorney admitted

Our holding does not mean that a defendant may never have a remedy if the police breach such a confidential informant agreement. Depending on the nature of the police conduct, an unenforceable agreement with police may be the basis for dismissal under CrR 8.3(b). The trial court properly analyzed Reed's motion under CrR 8.3(b) and under the doctrine of detrimental reliance.[4] The trial court's finding that Reed failed to establish detrimental reliance made it unnecessary for the court to decide the legal issue of whether the doctrine of detrimental reliance applies to such police/informant agreements. Reed has not assigned error to the court's finding that he failed to show detrimental reliance. Thus, we are not required in this case to decide whether the doctrine of detrimental reliance should be extended to apply to such agreements.

Affirmed.

SCHOLFIELD and BECKER, JJ., concur.

Review denied at 125 Wn.2d 1016 (1995).

---

to practice in Washington. RCW 36.27.010. Deputy prosecutors and special deputies must be similarly qualified. RCW 36.27.040.

[4]The doctrine of detrimental reliance arises in the plea bargain context and assumes an enforceable promise by the prosecuting attorney. Absent detrimental reliance by the defendant, the prosecutor may withdraw a plea offer at any time. *State v. Wheeler*, 95 Wn.2d 799, 803, 631 P.2d 376 (1981). To establish detrimental reliance, the defendant must show that he or she has relied on a plea bargain in such a way that a fair trial is no longer possible. *State v. Bogart*, 57 Wn. App. 353, 357, 788 P.2d 14 (1990). The doctrine is based on the theory of unilateral contracts, which are accepted by the defendant by either performance (pleading guilty) or detrimental reliance on the offer. *Wheeler*, 95 Wn.2d at 803. As Division Three noted in *Bogart*, 57 Wn. App. at 357:

> [*Wheeler*, 95 Wn.2d at 803] leaves open the possibility that detrimental reliance other than the act of entering a guilty plea is possible, but notes enforcing bargains prior to the plea would inhibit the prosecutor's use of plea bargaining; at this stage, the defendant has waived no rights and still enjoys an adequate remedy — to proceed with a jury trial.