**STATE**

v.

**David RUSSELL.**

**No. 95–260–C.A.**

Supreme Court of Rhode Island.

March 1, 1996.

Steven J. DeLuca, Spec. Asst. Atty. General, Aaron Weisman, Asst. Atty. General, for Plaintiff.

David Cicilline, Providence, for Defendant.

**OPINION**

PER CURIAM.

This case comes before us on an appeal by the State of Rhode Island from an order entered in the Superior Court granting the defendant's motion to dismiss two criminal informations and a probation-violation proceeding. We reverse the order. The facts of the case insofar as pertinent to this appeal are as follows.

In May of 1993, representatives of the East Providence police department obtained a warrant to search the apartment of David Russell, the defendant. The search disclosed marijuana and other paraphernalia that resulted in charges being filed against defendant alleging possession of marijuana with intent to deliver, manufacturing marijuana and possession of a firearm while possessing marijuana with intent to deliver. On May 19, 1993, defendant was presented to the Superior Court pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure as a violator of probation imposed on a prior criminal charge.

At that time, defendant moved to dismiss the violation proceeding and two criminal informations charging the new substantive offenses on the ground that there had been an agreement between him and an officer of the East Providence police department that he would not be prosecuted.[1] This alleged agreement of nonprosecution was based upon a promise by defendant that he would seek to buy marijuana from a supplier. The defendant also provided the East Providence police with information concerning the presence of marijuana plants in a warehouse in Providence. An East Providence detective testified that he had taken a statement from defendant and had attempted to seek further information concerning defendant's source of supply. The detective denied entering into an agreement with defendant but admitted that the word "promise" had been deleted from a statement given by defendant to the detective.

A Superior Court justice found as a fact that the East Providence detective had en-

---

1. One information was brought after investigation by the State Police which disclosed the large-scale cultivation and processing of marijuana in a Providence warehouse.

tered into an agreement of nonprosecution and that defendant had substantially complied with that agreement. After an evidentiary hearing, he granted defendant's motion to dismiss on December 2, 1994. The Attorney General filed an appeal pursuant to G.L. 1956 (1985 Reenactment) § 9–24–32.

In support of its appeal the state contends that the Attorney General has sole discretion to prosecute or not to prosecute. *Jefferson v. State*, 472 A.2d 1200, 1204 (R.I.1984); *State v. Rollins*, 116 R.I. 528, 533, 359 A.2d 315, 318 (1976). The state also cites *Commonwealth v. Stipetich*, 539 Pa. 428, 652 A.2d 1294 (1995), in which the Supreme Court of Pennsylvania held that a sergeant of the Pittsburgh police department could not, without the consent of the District Attorney, enter into a binding agreement not to prosecute certain defendants in return for their disclosure of the identity of their drug suppliers. The Pennsylvania court made the following statement, which is applicable to the case at bar:

> " 'A District Attorney has a general and widely recognized power to conduct criminal litigation and prosecutions on behalf of the Commonwealth, and to decide whether and when to prosecute * * *.'
>
> "The district attorney's power to prosecute cannot be restricted by the actions of municipal police officers * * *. [T]he ultimate discretion to file criminal charges lies in the district attorney. Police officers have no authority to enter agreements limiting the power of the district attorney in this regard." *Id.* at 430–31, 652 A.2d at 1295.

The court went on to say that the remedy for breach of such unauthorized agreement would not be dismissal of charges but the suppression of any self-incriminating evidence obtained as a result of such invalid promises. *Id.* at 431–32, 652 A.2d at 1296. We are persuaded by the reasoning of the Pennsylvania court and by our own prior analogous cases.

The East Providence detective had no authority to enter into a binding agreement of nonprosecution without the consent of the Attorney General. It should also be noted that in Rhode Island the granting of immunity from prosecution has been formalized by G.L.1956 (1994 Reenactment) § 12–17–15 and may only be granted to a witness who is compelled to testify by the presiding justice of the Superior Court, the chief judge of the Family Court, or the chief judge of the District Court upon application by the Attorney General. This statute is illustrative of the strict requirements for the granting of transactional immunity. We recognize that this statute does not purport to deprive the Attorney General of the prosecutorial discretion inherent in that office. However, it is illustrative of the safeguards that surround the granting of immunity. These safeguards could not be preserved by allowing prosecutorial discretion to be extended to members of state and municipal police departments without the consent of the Attorney General or his or her authorized representative.

For the reasons stated, the state's appeal is sustained and the order dismissing the two criminal informations and the probation-violation proceeding is hereby reversed. The papers in the case may be remanded to the Superior Court for further proceedings in accordance with this opinion.