290 N.J. Super. 663 (1996)
676 A.2d 603
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM H. MARSH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 29, 1996.
Decided May 30, 1996.
*665 Before Judges HAVEY, CONLEY and BRAITHWAITE.
Joseph Pinizzotto argued the cause for appellant (Liston & Pinizzotto, attorneys; Mr. Pinizzotto, on the brief).
Thomas Cannavo, Assistant Prosecutor, argued the cause for respondent (Daniel J. Carluccio, Ocean County Prosecutor, attorney; Michelle Tedesco, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by HAVEY, P.J.A.D.
Defendant was convicted of driving while under the influence of alcohol, N.J.S.A. 39:4-50, in the Ocean Township Municipal Court and again after his trial de novo in the Law Division. The sole issue on appeal is whether the Law Division erred in refusing to enforce an "agreement" between defendant and an Ocean Township Police detective which called for dismissal of the DWI summons if defendant cooperated in an unrelated drug investigation. Defendant had satisfied his end of the bargain and moved to have the summons dismissed. Both the municipal court judge and Judge Giovine in the Law Division denied the motion, concluding that the agreement was illegal since the detective had no authority to make such a promise. We affirm.
On the municipal court level, plea agreements are permitted, subject to Guidelines established by the Supreme Court. R. 7:4-8(a). One such Guideline provides that "[n]o plea agreements whatsoever will be allowed in drunken driving ... offenses." Guidelines for Operation of Plea Agreements in the Municipal Courts of New Jersey, Guideline 4 following R. 7:4-8 (1996) (emphasis added). The Supreme Court comment to the Guidelines provides that "for the purpose of these Guidelines, a plea *666 agreement shall include all of those traditional practices, utilized by prosecutors and defense counsel, including `merger,' `dismissal,' `downgrade' or `amendment'." (Emphasis added). Further, plea agreements are allowed only in those cases handled by a municipal or County Prosecutor or the Office of the Attorney General. R. 7:4-8(b). Ultimately, a municipal judge may reject any agreement in the interests of justice. R. 7:4-8(h).
Also, the County Prosecutor has plenary jurisdiction to prosecute all "offenders against the laws," including those charged with drunken driving offenses. N.J.S.A. 2A:158-4, -5; State v. Downie, 229 N.J. Super. 207, 209 n. 1, 550 A.2d 1313 (App.Div. 1988), aff'd, 117 N.J. 450, 569 A.2d 242, cert. denied, 498 U.S. 819, 111 S.Ct. 63, 112 L.Ed.2d 38 (1990). On a trial de novo, the County Prosecutor has exclusive jurisdiction to prosecute such offenses in the Superior Court. R. 3:23-9(c).
What is clear from this all-inclusive scheme is that there is no room to allow a municipal police officer to make deals with "offenders against the laws." N.J.S.A. 2A:158-5. Since the officer has no authority to bargain, it follows that he or she has no power to promise dismissal of a pending charge. "[A] police officer is not invested with discretion to decide whether the law should be enforced...." State v. Secula, 153 N.J. Super. 539, 544, 380 A.2d 713 (App.Div. 1977); see also State v. Orecchio, 27 N.J. Super. 484, 490, 99 A.2d 595 (App.Div. 1953), aff'd, 16 N.J. 125, 106 A.2d 541 (1954). His or her mission is to act in good faith and with reasonable diligence in bringing criminals to justice. State v. Secula, supra, 153 N.J. Super. at 544, 380 A.2d 713. Recognition of such unfettered power in police officers would undermine the prosecutor's and municipal judge's primary control over case disposition in the municipal court, and would nullify the Supreme Court's absolute prohibition against plea bargaining in drunken driving cases. It also may invite corruption. See id. at 542-43, 380 A.2d 713 (chief of police convicted of obstruction of justice and misconduct in office where he obtained confession from mayor's *667 son concerning arson, and gave immunity to him without County Prosecutor's knowledge or consent).
Defendant's "agreement" to cooperate with the detective may be analyzed and enforced under contract principles. See State v. Riley, 242 N.J. Super. 113, 118, 576 A.2d 39 (App.Div. 1990). One such firmly held principle is that courts will refuse to enforce contracts that are in violation of a state law or public policy. Vasquez v. Glassboro Serv. Ass'n, Inc., 83 N.J. 86, 98, 415 A.2d 1156 (1980); Saxon Constr. & Management Corp. v. Masterclean of North Carolina, Inc., 273 N.J. Super. 231, 236, 641 A.2d 1056 (App.Div.), certif. denied, 137 N.J. 314, 645 A.2d 142 (1994). Not only was the detective's promise here beyond his authority to make, it ultimately could not legally have been carried out by the municipal prosecutor when defendant's drunken driving charge ultimately reached the municipal court. The promise clearly violated Guideline 4, and undermined its purpose of preserving public confidence that a meritorious DWI offense will not be bargained away. A prosecutor cannot offer a "plea bargain which may not be legally implemented." State v. Baker, 270 N.J. Super. 55, 70, 636 A.2d 553 (App.Div.), certif. denied, 136 N.J. 297, 642 A.2d 1005, aff'd, 138 N.J. 89, 648 A.2d 1127 (1994).[1]
Defendant argues that the Due Process clause of the Fourteenth Amendment to the United States Constitution requires *668 that the State fulfill the detective's promise because defendant detrimentally relied on the promise by cooperating with the State in an unrelated drug investigation. See State v. Riley, supra, 242 N.J. Super. at 119, 576 A.2d 39.
We reject the contention because due process and notions of fundamental fairness are implicated only when a promise made to a defendant induces his detrimental reliance in derogation of a constitutional right. See State v. Sturgill, 121 N.C. App. 629, 469 S.E.2d 557 (1996) (where defendant confessed to five break-ins in reliance on a police officer's promise he would not be prosecuted as a habitual felon); United States v. McGovern, 822 F.2d 739, 746 (8th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 377 (1987) (allowing defendant to proceed to trial did not place him in the status quo ante in the sense that he could retrieve his year of cooperation with the United States Attorney, but it did restore his constitutionally significant right to a fair trial); see also United States v. Goodrich, 493 F.2d 390, 393 (9th Cir.1974); cf. Riley, supra, 242 N.J. Super. at 119-20, 576 A.2d 39 (defendant's inculpatory statement incriminating himself and others excluded when given in reliance on prosecutor's agreement that neither defendant's statement nor fruits derived therefrom would be used against him).
For example, the Idaho Supreme Court in State v. Caswell, 121 Idaho 801, 828 P.2d 830, 834 (1992), confronted with an "agreement" not dissimilar to the unauthorized, cooperative agreement before us, declined to specifically enforce it on the ground that "cooperation in providing a list of names and making appointments to complete a `buy' of narcotics" did not place defendant in legal jeopardy with regard to his pending trial.
Here, defendant suffered no constitutional or legal prejudice with regard to his pending DWI trial as a consequence of the municipal prosecutor's refusal to carry out the detective's promise. Defendant does not contend that he lacked the requisite time to establish a defense to the DWI charge as a result of the rejection of his motion to dismiss. No information furnished by him to the *669 authorities was used against him during his DWI prosecution. Defendant was placed in the same legal position he assumed prior to the promise, simply having to defend himself against the drunken driving charge in the municipal court and Law Division. Thus, the harm stemming from the State's refusal to carry out this agreement is not of constitutional dimension.
Affirmed.
NOTES
[1] Applying principles of contract law, courts in other states have also declined to enforce such agreements solely because they were entered into by police officers acting outside the scope of their authority. State v. Mathews, 8 Ohio App.3d 145, 456 N.E.2d 539, 541 (1982) (holding police officers possess no authority to enter into plea bargain negotiations with a person accused of a crime and that any resulting plea bargaining agreement is unenforceable and of no effect, "except upon motion to suppress evidence if wrongfully obtained by promises made during the improper plea bargaining"); see also State v. Caswell, 121 Idaho 801, 828 P.2d 830, 833 (1992); People v. Gallego, 430 Mich. 443, 424 N.W.2d 470, 473-74 (1988); State v. Fulton, 66 Ohio App.3d 215, 583 N.E.2d 1088, 1090, appeal dismissed, 52 Ohio St.3d 706, 557 N.E.2d 1212 (1990); State v. Reed, 75 Wash. App. 742, 879 P.2d 1000, 1002 (1994), rev. denied, 125 Wash.2d 1016, 890 P.2d 20 (1995).