Thomas **LIVERMORE**

v.

**ATTORNEY GENERAL FOR the STATE of Rhode Island and the Coventry Police Department.**

No. 96–507–A.

Supreme Court of Rhode Island.

Nov. 17, 1997.

Thomas Livermore, pro se.

Richard B. Woolley, Aaron L. Weisman, Providence, Paul K. Sprague, Warwick.

**ORDER**

The plaintiff, Thomas Livermore, appeals pro se from the dismissal of his complaint against the defendants, the state attorney general and the Coventry police department. After ordering the plaintiff to show cause why his appeal should not be determined summarily, we conclude that no cause has been shown and that we can determine the issues presented without further briefing and argument.

The plaintiff was indicted on two counts of manslaughter based on his rental of a motorcycle to an unlicensed minor who later died in a collision while riding on the motorcycle. The fatal collision occurred in the town of Coventry on April 10, 1994.

The plaintiff, proceeding pro se, filed a Superior Court complaint on June 11, 1996 entitled "Complaint for Non–Performance of Duty as Required by Law and Demand for Writ of Mandamus" against the defendants. The essence of his complaint appears to be that the decedent's mother and uncle were criminally negligent and should have been prosecuted for not preventing the decedent (Jesse Larocque) from riding on the motorcycle. The plaintiff requested a writ of mandamus directing the appropriate defendants to initiate criminal proceedings against the decedent's mother (Susan Larocque) and uncle (Gary Hart).

Both defendants filed motions to dismiss. The Coventry police department first sought dismissal on the basis of insufficient service of process. Although its dismissal motion was initially successful, that dismissal was apparently without prejudice, and the court eventually reinstated plaintiff's suit. Both the Coventry police department and the attorney general then filed renewed motions to dismiss on the grounds that the plaintiff lacked standing and that mandamus was an improper remedy. In addition, the Coventry police department asserted that it has no authority to initiate felony proceedings because that is exclusively the province of the attorney general's office. A Superior Court justice heard and granted the attorney general's motion to dismiss and entered an order of dismissal on July 12, 1996. Another justice of that court then heard the Coventry police department's motion on August 9, 1996, and entered an order of dismissal with prejudice on September 3, 1996. Twenty-one days later, on September 24, 1996, plaintiff filed a notice of appeal.

Because plaintiff's notice of appeal was filed twenty-one days after entry of the final dismissal orders, the appeal is untimely. Under Sup.Ct.R.App.P. 4(a), plaintiff had twenty days in which to file a timely appeal. This period for filing an appeal is mandatory. See Warwick Land Trust, Inc. v. Children's Friend and Service, Inc., 604 A.2d 1266, 1267 (R.I.1992). There was no request for an extension of time filed in this case.

This court has always applied the requirements of Rule 4 strictly. See, e.g., Figuereo v. Diaz, 651 A.2d 1236, 1237 (R.I.1994) (mem.) (dismissing appeal filed twenty-one days after entry of judgment). Furthermore, the fact that the plaintiff is pro se does not change the requirements of the rule. See, e.g., Gray v. Stillman White Co., Inc., 522 A.2d 737, 741 (R.I.1987) (although courts often exhibit leniency and provide assistance to pro se litigants, nevertheless courts "cannot and will not entirely overlook established rules of procedure").

However, even if we were able to reach the merits of plaintiff's appeal, the result would be the same. As we have said numerous times, a writ of mandamus will issue " 'only where the petitioners have a clear legal right to have the act done which is sought by the writ [and] where the respondents have a ministerial, legal duty to perform such act without discretion to refuse.' " Adler v. Lincoln Housing Authority, 623 A.2d 20, 25 (R.I.1993). As we have previously held, the decision whether to prosecute criminal offenses lies within the sole discretion of the attorney general. State v. Russell, 671 A.2d 1222, 1223 (R.I.1996) (per curiam). See also In re House of Representatives (Special Prosecutor), 575 A.2d 176, 179 (R.I.1990) ("The core function of the constitutionally established office of Attorney General is the power and discretion to prosecute crimes. * * * A key aspect of the Attorney General's role as public prosecutor is the element of discretion."). This prosecutorial discretion cannot be made subject to a writ of mandamus as plaintiff has sought to do here.

Accordingly, plaintiff's appeal is denied and dismissed.