**STATE of Delaware**

v.

**Harold SMITH,[1] Defendant.**

No. 0108022423.

Superior Court of Delaware.

Submitted July 19, 2002.

Decided Oct. 11, 2002.

---

**1.** In this case the defendant has testified and the State agrees that he worked as a confidential informant for the State Police. The Court *sua sponte* is using a pseudonym to identify the defendant in this opinion.

Edward C. Gill, Georgetown, Delaware, for the defendant.

James Kriner, Deputy Attorney General, for the State of Delaware.

## OPINION

RIDGELY, President Judge.

Defendant Harold Smith has been charged with two counts of Delivery of a Narcotic Schedule II Controlled Substance, 16 *Del. C.* § 4751, two counts of Maintaining a Vehicle for Keeping Controlled Substances, 16 *Del. C.* § 4755, and two counts of Possession of Drug Paraphernalia, 16 *Del. C.* § 4771. Smith has moved to dismiss all charges against him claiming that this prosecution against him violates a non-prosecution agreement he made with the Delaware State Police after his arrest. While the exact terms of Smith's agreement with the State Police are in dispute, there is no evidence that the Attorney General[2] authorized any non-prosecution agreement with Smith. This is fatal to Smith's claim. I hold that a non-prosecution agreement which is unautho-

rized by the Attorney General is not binding upon the State and is unenforceable as a matter of Delaware law. Thus, even if I accept Smith's version of the facts, he is not entitled to relief. Accordingly, Smith's motion to dismiss must be denied.

## I. BACKGROUND

Smith's version of the facts are simply stated. He was arrested by the Delaware State Police for selling a small amount of cocaine. He claims the State Police agreed that his charges would be dropped if he helped them set up a larger drug dealer. Smith set up a buy which led to the arrest and conviction of another drug dealer who was sentenced to three years in prison.

The State disputes the existence of any non-prosecution agreement. The State contends that a detective made two undercover drug purchases from Smith between May 4 and 25, 2001. On August 29, 2001 Smith was arrested and taken to Delaware State Police Troop # 3 where he was interviewed. During the interview Smith told another detective that he was unemployed, sold drugs to make ends meet and that he was a distributor of cocaine. Realizing that Smith faced substantial mandatory jail time because of his record, the detective asked if Smith wanted to provide information to help himself. She told Smith that if he did she would speak to the Attorney General on his behalf, but that the Attorney General would make the decision on the disposition of his case. The State agrees that Smith decided to cooperate and that he set up a buy which led to the arrest and conviction of another drug dealer.

---

**2.** "Attorney General" in the context of this opinion includes any Deputy Attorney General appointed pursuant to 29 *Del. C.* § 2505.

There is no evidence that the Attorney General authorized any agreement by the State Police not to prosecute Smith. The detective did speak to the Deputy Attorney General on Smith's behalf about the assistance he provided and the State has offered Smith a plea agreement which he has rejected.

## II. DISCUSSION

■ The Attorney General is the chief law officer of the State of Delaware chosen by the citizens of Delaware at a general election held every four years.[3] The office is a constitutional one "with the broad authority to exercise numerous and varied powers."[4] Among the powers conferred by the General Assembly upon the Attorney General is the authority "to have charge of all criminal proceedings."[5] As the Supreme Court of Delaware has stated, "In the exercise of his [or her] official powers, the Attorney General has discretion in determining who shall be prosecuted and in what manner that prosecution shall take place."[6]

■ Here the Attorney General has exercised discretion in favor of prosecuting Smith. Enforcement of a non-prosecution agreement against the Attorney General which she did not authorize necessarily will deprive the Attorney General of that discretion. It would further place the police, who are not accountable to the electorate, in charge of the prosecution function. These outcomes are not compatible with Delaware's Constitutional and statutory policies. To be valid and enforceable under Delaware law, a non-prosecution agreement with a defendant must be authorized or made by the Attorney General or her Deputy.[7] Because that did not happen here, there is no basis to dis-

3. *Seth v. State*, 592 A.2d 436, 439 (Del.1991); Del. Const. Art. III § 21.

4. *Seth*, 592 A.2d at 439.

5. 29 *Del. C.* § 2504(6).

6. ·*Seth*, 592 A.2d at 439.

7. It is well established that the public policy of this State prohibits the enforcement of a contract prohibited by law. *Della Corp. v. Diamond*, 210 A.2d 847, 849 (Del.1965). I also note that my holding is consistent with the following authorities which I find persuasive. *Hunter v. United States*, 405 F.2d 1187, 1188 (9th Cir.1969) (holding Federal agents had no statutory authority to provide defendant a grant of immunity in exchange for cooperation); *State v. Borrego*, 445 So.2d 666, 668 (Fla.Dist.Ct.App.1984) (declining to enforce executory agreement not to prosecute by district attorney); *State v. Caswell*, 121 Idaho 801, 828 P.2d 830, 833 (1992) (holding that unauthorized agreement not to prosecute by a narcotics officer in exchange for cooperation was not enforceable); *Winkles v. State*, 40 Md.App. 616, 392 A.2d 1173, 1175–76 (1978) (holding police officer did not have power to promise defendant nonprosecution or to bind the State's attorney); *Commonwealth v. St. John*, 173 Mass. 566, 54 N.E. 254, 254 (1899) (declining to enforce nonprosecution agreement made by city marshal without the authority of local prosecutor); *People v. Gallego*, 430 Mich. 443, 424 N.W.2d 470, 472–76 (1988) (refusing to enforce written nonprosecution agreement by DEA agents and state detectives which was not authorized by prosecutors); *State v. Marsh*, 290 N.J.Super. 663, 676 A.2d 603, 605 (1996) (denying specific enforcement of unauthorized nonprosecution agreement); *Commonwealth v. Stipetich*, 539 Pa. 428, 652 A.2d 1294, 1295 (1995) (denying specific enforcement of unauthorized non prosecution agreement); *State v. Russell*, 671 A.2d 1222, 1223 (R.I.1996) (holding municipal police officers had no authority to enter into binding agreement not to prosecute without the consent of the Attorney General); *State v. Reed*, 75 Wash.App. 742, 879 P.2d 1000, 1002 (1994) (holding unauthorized nonprosecution agreement between police and defendant was unenforceable); *State v. Cox*, 162 W.Va. 915, 253 S.E.2d 517, 521 (1979) (holding unauthorized nonprosecution agreement between police and defendant was unenforceable).

miss the indictment even if I accepted Smith's version of the facts.[8]

the defendant. Accordingly, defendant's motion to dismiss is *DENIED.*

**IT IS SO ORDERED.**

### III. CONCLUSION

In this case, there was no enforceable non-prosecution agreement authorized or made by the Attorney General. Absent proof of that essential element, the remedy of specific enforcement is unavailable to

---

**8.** A remedy has been recognized by other courts when an unenforceable nonprosecution promise induces detrimental reliance in derogation of a constitutional right. The availability of that remedy before this Court need not be decided today because Smith did not sacrifice any constitutional right by cooperating with the police. *See, e.g., State v. Marsh,* 290 N.J.Super. 663, 676 A.2d 603, 606 (App.Div.1996); *State v. Sturgill,* 121 N.C.App. 629, 469 S.E.2d 557, 563 (1996).