959 A.2d 896 (2008)
403 N.J. Super. 581
STATE of New Jersey, Plaintiff,
v.
Aashima RASTOGI, Defendant.
Appeal No. 32-2006, Docket No. 17712.
Superior Court of New Jersey, Law Division, Criminal Part, Mercer County.
Decided May 5, 2008.
William Fisher, Assistant Prosecutor, for plaintiff (Joseph L. Bocchini, Jr., Mercer County Prosecutor).
Ray Barson, Lawrenceville, for defendant (Szaferman Lakind Blumstein Blader & Lehmann, attorneys).
OSTRER, J.S.C.
This court is asked to approve a plea bargain to resolve a pending appeal from a municipal court conviction for driving under the influence. The municipal court *897 had denied a motion to suppress, rejecting defendant's argument that the motor vehicle stop was unsupported by reasonable and articulable suspicion. The defendant now seeks suppression before this court. Concerned that the defendant may ultimately prevail on that point, the State proposes an agreement whereby the State would dismiss the driving under the influence charge thereby vacating the judgment of conviction below, and the defendant would enter a plea of reckless driving.
The parties recognize the clear and long-standing prohibition of plea agreements to dismiss driving under the influence charges. See Guideline 4 of the Guidelines for Operation of Plea Agreements in Municipal Courts (hereinafter "Plea Agreement Guidelines"). They submit that the county prosecutor's office does not suffer from the lack of oversight and professionalism that typified some municipal courts, and which led to general restrictions on plea bargaining in the municipal courts. They also argue that the ban on plea bargaining drunk-driving cases is by its terms limited to municipal courts, and that the prohibition does not govern the Superior Court on a trial de novo.
This court disagrees. Although the plain language of the Plea Agreement Guidelines refers only to municipal courts, this court finds no policy basis to permit plea agreements in Superior Court that are expressly banned in municipal court. Rejection of a plea agreement on a de novo trial on the record is consistent with the Supreme Court's endorsement of strict and uncompromising enforcement of our drunk-driving laws. This court will examine the plain language of the plea agreement prohibition and the policy underlying it, and decisional law relevant to the issue.
As just noted, by its plain language, the ban on plea bargaining drunk-driving cases pertains only to municipal courts. Rule 7:6-2 generally authorizes plea agreements pursuant to the Plea Agreement Guidelines, which are an appendix to Part VII of the Court Rules. In turn, the Guidelines read: "No plea agreements whatsoever will be allowed in drunken driving or certain drug offenses. Those offenses are: A. Driving while under the influence of liquor or drugs (N.J.S.A. 39:4-50).. . ." (Plea Agreement Guidelines, Guideline 4). Part VII expressly governs the practice and procedure in the municipal courts. R. 7:1. The Plea Agreement Guidelines expressly refer to the municipal courts in its title"Guidelines for Operation of Plea Agreements in the Municipal Courts of New Jersey." (emphasis added).
On the other hand, by its own terms, Rule 7:6-2 arguably governs county prosecutors. The rule authorizes plea agreements provided that "the complaint is prosecuted by the municipal prosecutor, the county prosecutor, or the Attorney General." Cf. State v. Marsh, 290 N.J.Super. 663, 666, 676 A.2d 603 (App.Div.1996) (noting plea agreements are allowed only in those cases handled by municipal or county prosecutor or Attorney General). Moreover, the Supreme Court has cautioned against attaching undue importance to the title of Court Rules. State v. Hessen, 145 N.J. 441, 456, 678 A.2d 1082 (1996).
More importantly, the policy underlying the ban on plea bargaining drunk-driving cases applies with equal force to the Law Division. An examination of the history of the ban makes this evident. The ban on plea bargaining drunk-driving cases was originally part of the Supreme Court's 1974 general ban on plea agreements in municipal courts. Municipal Court Bulletin Letter # 3-74. The ban was based on a concern about the lack of professionalism and oversight in certain municipal courts. *898 Hessen, supra, 145 N.J. at 446-47, 678 A.2d 1082.
However, in 1988, the Supreme Court found that circumstances had changed:
[T]he former lack of professionalism that had permeated most aspects of the municipal courts had significantly changed; the quality and tradition of the judges had improved; that municipal prosecutors were now in place in most municipal courts and public defenders in some; and that verbatim records of proceedings were being made.
[Notice to the Bar, Amendments to Guideline 4 of the Guidelines for Operation of Plea Agreements in the Municipal Courts, June 15, 2005, at 1 (recounting the history of plea bargaining restrictions).]
Consequently, the Court allowed plea agreements on a test basis in 1988, but preserved the ban on plea bargaining drunk-driving cases. Hessen, supra, 145 N.J. at 448, 678 A.2d 1082.
The test led to a final lifting of the general ban on plea bargaining, but again the Court preserved the ban on plea bargaining drunk-driving cases. Id. at 448-49, 678 A.2d 1082. The Court did so because of the strong public policy supporting strict enforcement of drunk-driving laws. The committee that generally endorsed plea bargaining excluded drunk-driving cases in view of "the extraordinary emotional and fiscal costs of drunk driving and `the public's concern that the process of plea bargaining, as applied to alcohol and drug offenses, might undermine the deterrent thrust of New Jersey's tough law in these areas.'" Id. at 449, 678 A.2d 1082 (quoting Supreme Court Committee to Implement Plea Agreements in Municipal Courts, Final Report at 28).
Thus, the Supreme Court preserved the ban on plea bargaining drunk-driving cases not because of a lack of confidence in the municipal court system, but because of the Court's strong support of the effort to combat drunk driving. "The imposition of a ban on plea bargaining in drinking and driving cases is intended to support the policy decisions of the legislative and the executive branches, in their commitment to eradicate drunk driving." Id. at 454, 678 A.2d 1082.
Moreover, the Court indicated that in interpreting the ban, one should be guided by this policy. "The meaning of the scope of the ban on plea bargaining in drunk-driving cases is indicated by the considerations of public policy that motivated its promulgation." Id. at 456, 678 A.2d 1082. The Court indicated that plea bargaining might undermine the deterrent thrust of the laws by creating the impression that some offenders could escape the consequences of drunk driving:
The Court's intention in upholding this ban can therefore be seen as an effectuation of the strong legislative and public policy to eliminate drunk driving, by refusing to allow drunk drivers to escape responsibility for their action, by ensuring accountability of those who cause drunk driving, and by penalizing drinking-and-driving offenses to the fullest extent of the law. The ban is an essential element of a strongly-endorsed and well-articulated policy to eliminate drunk driving by affording offenders `zero tolerance' in the prosecution of their offenses.
[Id. at 458, 678 A.2d 1082.]
Plea bargaining drunk-driving cases in the Law Division poses the same threat of weakening the deterrent thrust of drunk-driving laws. Indeed, if defendants believed that the only conceivable way to plea bargain a drunk-driving case was to appeal to the Law Division, it would encourage appeals.
*899 In the context of a challenge to the scope of the ban within municipal court, the Supreme Court clearly stated that exceptions to the ban would undermine its goals. In Hessen, supra, 145 N.J. at 445, 678 A.2d 1082, the defendant argued that the ban should not be read to cover persons prosecuted in municipal court for permitting an intoxicated person to drive. In response, the Supreme Court enunciated a clear no-exceptions policy:
This Court has a commitment to eliminating intoxicated drivers from our highways and has supported that commitment with a ban on plea bargaining in drunk-driving cases. The aims of this broad policy can be accomplished only thorough consistent, uniform, and vigorous enforcement of the ban. To carve out from that ban an exception . . . undermines the important policy behind the prohibition.
[Id. at 458, 678 A.2d 1082.]
This no-exceptions policy applies with equal force to the parties' argument that this court should sanction an exception to the plea bargaining ban for Law Division cases.
In sum, although the ban on plea bargaining drunk-driving cases does not expressly govern de novo trials on the record, this court concludes that it may not acceptand should not accepta plea bargain to resolve a de novo appeal on the record of a municipal court conviction of driving under the influence. The court shall enter an appropriate order, which shall schedule a hearing on the appeal.